THE PEOPLE, on the relation of John B. Cummings, Complainants, *v.* WILLIAM T. HEAD, Respondent.

IN THE SUPREME COURT.

The person who holds a certificate from the authorities appointed by law to can-vass the votes, declaring him duly elected to the office of clerk of the Circuit Court, and who has complied with the requirements of law in relation to the office, is entitled to the present possession thereof, notwithstanding the prior incumbent contests his election, denying its legality. Such contest is not an appeal, but is an original proceeding under our statute, going behind the poll books, and purging the election.

Mandamus is an adequate remedy, by which to compel the old clerk to deliver the insignia of office to the new; but not to try and determine the right of either party to a permanent enjoyment of the office. The remedy of a party in such a case, under the thirty-eighth section of the twenty-ninth chapter of the Revised Statutes, is sufficiently doubtful to authorize a resort to mandamus.

THE relator in his petition recites, that on the thirteenth day of November, 1860, he received from the clerk of the County Court of McDonough county, a certificate of his election to the office of clerk of the Circuit Court for said county, (setting it out verbatim); that he subsequently, on the first day of December following, received his commission from the governor, (setting it out); that he afterwards took the oath of office, gave bonds, etc., and filed the same as by law required. That he afterwards made and filed his bond with the clerk of the County Court, in the sum of five thousand dollars, as recorder, which bond was approved by the supervisors. That on the fourth day of December, afterwards, the said William T. Head, the former circuit clerk, and *ex officio* recorder, of said county, had in his posses-sion all the books, papers, files and records belonging to the office of the clerk of the Circuit Court, and *ex officio* recorder of said county, and the furniture of the same, together with the key of said office. That the relator, on, etc., and at divers other times before filing this petition, had demanded possession of the said office, from the said Head, and of the books, papers, etc., furniture, key, etc., but that Head refused to deliver such posses-sion and retained the office. That Head had held said office for four years prior, that his term of office had expired, and that his right to the custody of said office, etc., ceased when the demand therefor had been made upon him by the relator. The prayer of the petition is as follows:

" Therefore the relator prayed that the People's writ of man-damus might issue against the said William T. Head, requiring him to appear on some day to be named therein, before this hononable court, to show cause, if any he has, why a peremp-tory writ of mandamus should not be awarded by this honorable

court against him, requiring him to deliver to your relator, as clerk of the Circuit Court, and *ex officio* recorder of McDonough county, all the said books, papers, files and records belonging to the said office of the clerk of the Circuit Court, and *ex officio* recorder of McDonough county, and the seal of the Circuit Court of McDonough county aforesaid, and all the furniture of the office of said clerk of the Circuit Court, and *ex officio* recorder of said county of McDonough, together with the key of said office; and as in duty bound, your relator will ever pray, etc."

Signed by the relator. Affidavit of the truth of the relation.

The oath of office. Bonds as required by the statute were made exhibits, and filed with the petition.

To this petition the defendant Head filed for answer, that he was duly elected and qualified as such clerk, and commissioned by the governor in 1856; has held the office for the past four years, and is entitled, by the provisions of the constitution, to hold for four years, " and until his successor shall have been elected and qualified;" that he was a candidate for re-election, against the relator; avers he was duly elected by a majority of all the legal votes; that a large number of illegal votes were cast and counted for the relator, to wit, two hundred and more, and that by reason of the counting of these illegal votes, the relator received a majority of eleven votes, and thereupon a certificate of election, and that said certificate was procured by fraudulent and illegal votes; that having received a majority of all the legal votes cast at the election, he gave due notice of his intention to contest the election, which notice he sets out at length. Head also sets out a certificate from two of the justices before whom the contest was had, stating that Head had taken an appeal to the Circuit Court, from their decision of the contest in favor of Cummings. A copy of the appeal bond on taking an appeal from the decision of the justices of the peace to the Circuit Court, is also set out. A certified copy of the proceedings in contesting, as filed in the Circuit Court, is also exhibited with the answer of Head. Head also avers that the contest is still pending and undetermined in the Circuit Court of McDonough county, which court has jurisdiction to hear and determine the same, and that until such contest shall be decided, he (Head) is entitled to the office and all its appendages.

Head concludes his return to the writ, as follows:

" The defendant comes and claims that he was duly elected clerk of the Circuit Court of McDonough county, at said election, by a majority of all the legal votes cast at said election, and therefore prays that this court dismiss him hence until the determination of said contest on appeal in said Circuit Court—

or that this court cause an issue to be made up, whether the said defendant or the said plaintiff was so elected by a majority of all the legal votes cast at said election, and send the said issue to be tried in the Circuit Court of McDonough county,—and that all further proceedings, in this behalf, be suspended until the trial of such issue."

And having shown cause, defendant prays to be dismissed hence with his reasonable costs.

To this return, a demurrer was filed; to which there was a joinder.

G. EDMUNDS, Jr., and J. GRIMSHAW, for the Relator.

W. B. SCATES, and O. C. SKINNER, for the Respondent.

CATON, C. J. Two questions are presented by this record. The first is, was the relator entitled to enjoy the office of circuit clerk during the pendency of the contest of the election? And second, if so, had he any other clear and adequate remedy?

The tribunal appointed by law to canvass the votes given at that election, found that the relator received the greatest number of votes, and declared him duly elected to the office, and gave him a certificate of election, whereupon he took the oath of office, and demanded of the defendant, who was the old clerk, and who had been a candidate against him at this election, the books, records, etc., pertaining to the office. The defendant refused to deliver them up, insisting that the relator's election was illegal, and that he himself had received the greatest number of legal votes at the election, and was entitled to hold the office, and he proceeded in the mode provided by law to contest the legality of the election.

The decision of the canvassers afforded *prima facie* evidence that the relator was legally elected, and entitled him to the office till that canvass should be set aside by a proceeding to be instituted by the defeated candidate, in the courts of justice and in the forms of law. This proceeding to contest an election, is not an appeal from the decision of the board of canvassers. It has no analogy to an appeal, and it is only upon the assumption that it is an appeal, that the least color can be found for the claim that the decision of the canvassers is suspended and superseded till the final decision of the contest. This contest, under our statute, is an original proceeding, initiated by the contestant for the purpose of trying the legality of the election and not of the canvass. It goes behind the canvass and purges the election itself. The court, in trying it, is not confined to the poll-books as returned, but it may go behind them, and

inquire by proof *de hors*, whether the votes or any of them were illegal. But the canvassers have no right to do this. Theirs is a mere mechanical, or rather mathematical duty. They may probably judge whether the returns are in due form, but after that, they can only compute the votes cast for the several candidates and declare the result. This proceeding, then, to contest the election, is nothing like an appeal from the decision of the canvassers, either in form or substance. Upon receiving the certificate of election, and taking the oath of office, and giving bond, the relator was as much entitled to take possession of the office as he ever could be. There is no intimation in any part of the statute that such right shall be suspended by the notice of contest, or for any other cause, and his right must be held to be complete till it is superseded by another certificate, to be issued to his competitor by the county clerk upon the certificate of the tribunal before which the contest is tried. Who shall say without law that the party who possesses all the evidence of election and qualification which he can ever have, all that the law has authorized to be given in any case, is not entitled to, and shall not enjoy the office?

In this case, it is true, the contestant is the old clerk, and in possession of the office, but such is not always the case. Suppose the old clerk had not been a candidate. Could he, when the relator presented himself with certificate of election, having taken the oath of office, and given the requisite bond, and demanded the records, etc., say to him that somebody who had been a candidate, was going to contest the election, and would, within the thirty days allowed by law, give him notice of a contest, or had already given such notice, and upon the mere suggestion that the demandant had not been legally elected, hold on to the office himself by force? He would have the same legal right to do it in that case as in this. If the course pursued in this case by the old clerk should be sustained, then every one elected to an office, no matter how fairly or legally, may be kept out of it during a contest, which by appeals and delays, may continue during a considerable portion of the time, if not the whole period for which he was elected. Such is not the law, as we understand it.

The writ of mandamus is not a writ of right in all cases, but is rather to be considered as the last refuge—the *dernier* resort, when the law affords no other sure and adequate remedy. Nor is it the proper writ by which to try and finally determine the right of either party to the office. Whatever our decision may be, it cannot affect, in the least, the contest now going on in the legal tribunals. We can only determine whether the relator is entitled to the records, etc., pertaining to the office.

It is true this involves, incidentally, the inquiry as to who is entitled to enjoy the office for the time being, but we by no means settle the question whether the relator was legally elected or not.

In the case of *Street* v. *The County Commissioners of Gallatin County*, Breese, 25, this court issued a mandamus to the defendants, commanding them to admit Street, whom they had illegally removed and appointed another in his place, to the office of clerk of the county commissioners' court. In *The People ex rel., etc.,* v. *Kilduff*, 15 Ill. 492, this court compelled by mandamus the defendant, who claimed to be the mayor of Peru, and was in possession of the corporate seal and insignia of that officer, to deliver them over to the relator, who we decided was entitled to them. In that case the court said, "A *quo warranto* is the proper mode of trying the question of title to the office. This writ is not asked for that purpose. It is asked to deliver to the mayor elect the seal and insignia of office. And to defeat the application, and prevent the issuing of the writ for that purpose, this groundless, colorless claim is set up to the office itself, and the party's pretended intrusion into or retention of it is sought to create such a doubt of the true title, or controversy about the title, as to justify the withholding of the writ, and sending the informant to his *quo warranto.*" These reflections are as pertinent to this case as any well could be, and hence we have quoted them. There is then no want of authority in the court to compel, by mandamus, the defendant to deliver to the relator the insignia of the office.

But it is said, that even admitting the power, we ought not to exercise it, for the reason that the statute has provided another remedy which is more summary and equally efficacious, and reference is made to the thirty-eighth section of the twenty-ninth chapter of the Revised Statutes. That statute was passed when the clerks of the Circuit Courts were appointed by the circuit judges, and were subject to removal by them, and in terms is only applicable to clerks who are *appointed* to the office, whereas, now, those clerks are elected by the people, and we are not now prepared to say that this statute applies to clerks elected by the people. We will not say that upon due consideration we should not hold it applicable, but there is sufficient doubt on the subject to justify this application for a mandamus.

The mandamus must be awarded.

*Mandamus awarded.*