MARTIN MOWER, Appellant, against GRANVILLE M. STICKNEY, Sheriff of Washington County, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

Under our Statute promissory notes are property, and when they can be reached, are subject to attachment and execution as any other species of property.  The pledgor of personal property has an interest in the pledge equal to its value after discharging the sum for which it is pledged, and that interest is subject to levy and sale upon execution, if the pledgee is willing to surrender possession.   Where the pledge is a promissory note, and the pledgee deliver it to the officer holding an execution, it affords no defence to the maker, that the pledgee need not have parted with the possession.

A person is not bound to take notice of judicial proceedings to which he was not a party, and where they are pleaded he may deny their existence upon information and belief, notwithstanding they may be matter of record.

Wherever the title to property, taken in execution by an officer, is directly in issue, the judgment being essential to the validity of the execution, must be proved by him who claims under it as a necessary link in his chain of title.  The execution alone would fully protect the officer so long as he kept within the commands or authority of the writ, but does not extend to any one else, though claiming under these very official acts; and when the officer is asserting a quasi title, by virtue of the levy, as against a party other than the judgment debtor, the judgment is essential to the perfection of that title, and if put in issue, must be proved as in other cases.  The judgment cannot be proved by the execution nor the recitals therein.

Where a promissory note was pledged, and the maker thereof, after paying the debt for which it was pledged, paid the balance to the pledgee after it had been levied upon, and with a full knowledge of the levy, he was not thereby discharged as to such balance.

Points and authorities of Appellant:

*First.*—The promissory note upon which this action was brought, at the time of the Plaintiff's levy thereon, as Sheriff, was in the possession of Patrick McCarthy, as security for the payment of a debt due to him from the payee of the note and was a pledge.   *See Testimony & Admissions,*

49

*fol.* 23–27, *&c., of Return* ; *Ed. on Prom. Notes,* 286–7; 9 *Barb.*, 214; 20*th John.* 144; *Billings vs. Taell,* 11 *Barb.*, 620. Notes, deposited as collateral security for a debt, are regarded as pledges, and the parties sustain to each other the relations of pledgor and pledgee. *Castner, et als, vs. Simonds,* 2 *Minn.,* 44.

*Second.*—The pledgor had no leviable interest in the note at the time of the levy herein.

*a.* The pawnee, at common law, has the right to the exclusive possession of the pledge. 2*d Bl. Coms.* 396; *Jones' Bailm.,* 80; *Owen R.,* 123–4; 1 *Yelv* 178; 2 *Lord Raym.,* 909; *Bouv. Law Dic., Sub.* 10, *Title "Pledge,"* and cases there cited.

*b.* At common law the Sheriff could not remove pledged property without paying the lien. *Story on Bailm.,* 238, *sec.* 353.

*c.* Goods pawned or pledged at common law are not liable to be taken in execution in an action against the pawner or pledgor. 751 *Story on Cont.* (3*d Ed*), *sec.* 719; *Story on Bailm,* 353; *Bodlane vs. Tucker,* 1 *Pick.,* 389; *Pomroy vs. Smith,* 17 *Pick,* 85; *Wilkes vs. Ferris,* 5 *John,* 336; *Noah vs. Lawrence,* 4 *Cow.,* 461; *Scott vs. Scholey,* 8 *East,* 467; *Metcalf v. Scholey,* 5 *Bos. & Pull.,* 461; *Sroder vs. Craven,* 3 *Watts' R.,* 258; *Watson's Sheriff,* 181; 14 *John.,* 222; 17 *John.,* 116. See case of *Stief vs. Hart,* 1 *Comst.,* (*N. Y.,*) *R.* 28, 36, 39, where this doctrine is fully discussed. Also, *Vol.* 1, *Parsons on Contracts,* 601; and cases there cited.

*d.* Upon an examination of the rights of the parties to a pledge, it will be found that all the interest the pledgor has is a right of redemption, or residuary interest, remaining after the objects of the pledge are accomplished. Case cited *ante, Stief vs. Hart,* 29, 39, 40.

Such an interest, an equity of redemption, is not a subject of levy on execution. *Marsh vs. Lawrence,* 4 *Cow. R.,* 461; *Wilkes & Fontain vs. Ferris, Sheriff,* 5 *John.,* 344; *per curiam,* "Cheviott may have had a resulting trust after the purposes for which the assignment was made were satisfied, but such residuum of interest was not the subject of sale on *fi. fa.*"

*Third.*—The Sheriff had no right to levy upon or keep possession of the note, or to bring suit thereon.

Upon the right of levy and possession depends the right of collection by suit. *Stat. Minn.*, 552, 534, 535, 572. Cases cited *ante*.

In New York, by express Statute, the " right and interest" of a pledgor may be *sold* on execution. 2*d N. Y. R. S.* (2*d Ed.*), 290, *sec.* 20, (*Ed.* 1859, 645, *sec.* 20.) Yet, notwithstanding this statute in *Stief v. Hart*, 1 *Comst.* 25, the Judges of the Court of Error were equally balanced on the question, whether the Sheriff could take the pledged property out of the pledgee's hands, and keep it long enough to sell, returning it to the pledgee after the sale.

It a Sheriff has a right to levy on pledge notes and collect them, it would necessarily destroy and defeat a pledge. *Stat. Minn.*, 553, *Sub.* 4, *sec.* 156.

*Fourth.*—The right of possession of the note was in McCarthy, the pledgee, and the possessory title of Burkleo, the general owner, had been divested, yet the Sheriff took the note from the possession of McCarthy and held it, and endeavors to collect the note, acts which the general owner himself could not do.

*Fifth.*—The Sheriff's levy on the note attached to no interest of Burkleo. *Authorities ante.*

*Sixth.*—It was proved on trial, and is uncontradicted, that the maker of the note (Defendant,) paid the whole of it, under and pursuant to the directions of the pledgee, and the verdict and judgment are therefore erroneous. *Fol.* 24–30, *&c. Return.*

*Seventh.*—The Judge erred at the trial in admitting the execution in evidence, and the Defendant's objections were well taken. *Fol.* 19, 20.

*Eighth.*—No judgment upon which the execution issued was proved on trial.

*Ninth.*—The Judge erred in charging the jury as follows : " I therefore charge you that if Burkleo delivered his note unendorsed to Patrick McCarthy, as security for the amount of his debt, $138.79, that Burkleo had a leviable interest in the note." *Fol.* 30, 31. *Authorities ante.*

*Tenth.*—The following portion of the Judge's charge to the jury, excepted to by Defendant, was also erroneous, viz. : " That if Mower paid the note to Patrick McCarthy at due time, then, so far as Mower is concerned, it is a payment of the note ; but if Mower knew the terms of the pledge and paid Patrick McCarthy's debt, and at any time afterwards, having notice of the levy, paid the balance of the note, it does not discharge him as to the balance. *Fol.* 31. See authorities before cited.

*Eleventh.*—The judgment upon the conceded facts is erroneous, and should be reversed, and judgment should be rendered for the Appellant.

Points and Authorities of Respondent.

*First.*—The recovery, rendition and docketing of the judgment in the county, as pleaded in the complaint, was not put in issue by the answer, so as to require proof on the part of the Plaintiff ; the judgment being pleaded of record in the county where the action was pending, and the denial being of any knowledge or information thereof sufficient to form a belief, did not make an issue. The answer upon its face was either wilfully false or the defendant was wilfully ignorant, and the matter pleaded being clearly within the means, information and knowledge of the Defendant, and of which he was presumptively cognizant, the Court will not require proof under such circumstances. It was not necessary to prove the judgment ; and if it was necessary, then, for the Plaintiff's purposes, it was sufficiently proved by the recital in the execution. *Edwards vs. Lent,* 8 *How. Pr.,* 28; *Fales vs. Hicks,* 12 *How. Pr.,* 153; *Chapman vs. Palmer,* 12 *How, Pr.,* 38; *Mott vs. Bennett,* 1 *Code, R. N. S.,* 225; *Hance vs. Remmeng,* 1 *Code, R. N. S.,* 204; *Hull vs. Wood.* 1 *Paige,* 404; 3 *Paige,* 103; 1 *Story, Eq. Jur.,* 405.

*Second.*—The new matter interposed as a defence, and in the answer called " a further defence," is simply and only a plea of payment to Patrick McCarthy, who, the defence assumes, was authorized to receive payment, and who by the case appears to have been a pledgee of the note. Upon this defence, issue of fact was joined, and that issue was sub-

mitted to the jury, who found against the Defendant. There was no proof of payment of any other sum than $138.70, and the jury allowed that and more. The pledgee had no right to receive anything else than money in payment, or to accept less than the full amount, neither to direct payment to another person. *Gulick vs. James*, 12 *Johns*, 146.

*Third.*—By the case it appears that the note was a strict pledge to Patrick McCarthy "to keep until he was paid" a debt of $138.70 (folio 22.) The legal title and general property remained in the pledgor; the pledgee had only a special property consisting in a right of possession until he was paid: which right was purely personal to the pledgee and might be waived by him.  4 *Kent Com.* (8 *Ed*) 141; 2 *Kent Com*, (8 *Ed*) 753, *note* 1 *and cases there cited; Chitt. Con. margin page* 416 *note* 4; *Fletcher vs. Howard* 2 *Aiken*, 115 ; *Story on Bail*, (2 *Ed*) 595 ; *Walcott vs. Keith*, 2 *Foster* (*N. H.*) 96 ; *Brownell vs Hawkins* 4 *Barb.* 491 ; *Eastman vs. Avery*, 10 *Shep.* 248 ; *Parsons on Cont.* 595.

*Fourth.*—It is not contended by the Defendant that the Sheriff did not do every act and thing necessary to constitute a levy, but that the Plaintiff had no right to make the levy ; that the pledgor had no leviable interest in the note and that Plaintiff took nothing by the levy.

The Plaintiff contends he had a right to levy upon the note, and except against the pledgee he had the right against all the world to take and remove the pledge : that the pledgor had a *vendible* interest, in the note, and that he had of course a *leviable* interest, and by the levy the Plaintiff was subrogated to all the rights of the pledgor.  In this State *all property* not exempt at common law or by the statute, is subject to the levy; and the right and interest of the pledgor in and to goods is *property.   Fisher vs. Bradford*, 7 *Greene* 28; *Sanders vs. Davis*, 13 *B. Monroe*, 423; 1 *Parsons on Con.*, 2 *Ed.*, 691; *Min. Comp. Stat., p.* 551, *sec.* 147, *p.* 568, *sec.* 88; *Stat. N. H., June* 30, 1841; 2 *R. I., p.* 366, *sec.* 20, 2*d Ed.*; *Mass. Rev. Stat.* 1836, *ch.* 90, *secs.* 78–80, *and ch.* 109, *sec.* 25; *Wheeler vs. McFarland*, 10 *Wend.* 318.

*Fifth.*—It appears by the case (folio 24,) that the pledgee was paid his debt while he held possession of the note.  The

payment was perhaps at the time of the levy, probably before this action was commenced ; it was certainly long before judgment, and upon the payment of the pledgee's debt, the plaintiff took and held the note discharged of the pledgee's right.

CURTIS & HOUSTON, Counsel for Appellant.

W. H. BURT, Counsel for Respondent.

*By the Court.*—EMMETT, C. J.—We learn from the record in this case that Whitney, Fenno & Co., recovered a judgment against Burkleo & Mower in the District Court for the sum of $776.06 and issued an execution thereon, which was placed in the hands of the Sheriff. The Sheriff levied this execution upon a certain promissory note which had been given by the present Defendant, to Burkleo, one of the Defendants in the execution, but which had been pledged to one Patrick McCarthy, as collateral security for a debt of some $138, which Burkleo owed to him. This note was for the sum of $750, dated Nov. 13, 1857, and payable in two equal instalments, one in eighteen and the other in thirty-six months from date. After the first instalment became due, the Sheriff brought this action under the Statute, to recover of the maker the amount remaining due and unpaid. The complaint sets forth the recovery of the judgment—the issuing of the execution—the levy by the Plaintiff, his possession of the note as Sheriff by virtue of the levy—the maturing of the first instalment, the notice to the Defendant, demand of payment and refusal, and asks judgment for the amount of the first instalment and interest.

The answer in one form or other denies everything except the making of the note, and that the Plaintiff was Sheriff—sets up the fact of the pledge, and alleges payment in full to the pledgee. The reply puts in issue the new matter set up in the answer.

On the trial the Plaintiff offered in evidence the execution referred to in the complaint. The Defendant objected that no judgment had been proved as alleged, and that the execution was not identified as connected with the judgment.

He also objected to the endorsement on the execution. The Court overruled the objection, and admitted the evidence. The Defendant excepted, and the Plaintiff then rested his case.

The Defendant then introduced his evidence; from which it appears that the note had been pledged to Patrick McCarthy as alleged in the answer, and that while in his hands the Plaintiff as Sheriff, had levied upon and taken it into his posession under said execution. That during the time the pledgee so held the note, no part of the amount for which it had been pledged had been paid. That after the Plaintiff had taken the note into his possession, the pledgee directed the Defendant to pay the balance of the note to one Cornelius McCarthy. That thereupon the Defendant had given to said Cornelius a new note for said balance, and taken a receipt from Patrick, the pledgee, specifying that the pledged note had been paid. This was the only evidence of payment by the Defendant. It does not appear when this new note was payable, and the Defendant admitted in his testimony that it had never been paid.

The Plaintiff also swore that about the 27th of October, 1859, he had notified the Defendant of his levy on the note, and demanded payment of him.

The judge charged the jury that "if the note was delivered to Patrick McCarthy as security for a debt, Burkleo had still a leviable interest therein. That if the Defendant paid the note to him, he was discharged. But that if Defendant knew of the terms of the pledge and paid the debt for which it was pledged, and afterwards, having notice of the levy, paid the balance, he was not discharged as to such balance." This charge was excepted to by the Defendant.

The jury found a verdict for the Plaintiff for the sum of $248.80 being the amount of the first instalment and interest, less the debt for which the note had been pledged. The Defendant thereupon moved for a new trial on the ground of insufficiency of evidence to justify the verdict; and for error in law occurring at the trial. The motion was denied and judgment entered according to the verdict.

It is urged here that the charge of the Judge was erroneous,

and that he also erred in admitting the execution in evidence, without proof of the judgment.

We are unable to discover error in the charge. Promissory notes under our Statute are property, and when they can be reached are subject to attachment and execution, as any other species of property. The pledgor of personal property has an interest in the pledge equal to its value after discharging the sum for which it is pledged, and we cannot see why that interest is not subject to levy and sale upon execution, if the pledgee is willing to surrender the possession. The decisions to which we have been referred by the Defendant, as showing a contrary doctrine, are generally cases where the pledgee was a party asserting his right to the possession, and were predicated to a great extent upon the old doctrine that the pledgor had but an equitable interest in the pledge, and a mere equity could not be reached on execution at law. In this case, however, the pledgee is not a party, and therefore a rule designed for his protection only does not apply; nor, indeed, is there any necessity, under our system, where all distinctions in practice between law and equity are abolished, for adhering strictly to rules which had their origin solely in these distinctions.

If property be pledged by the owner, his creditors may not be able to deprive the pledgee of his possession without first satisfying his claim; yet that is a matter which concerns the pledgee alone, and if he deliver the property to the officer, we cannot see that the pledgor has any right to complain; nor why it may not be levied upon and sold subject to the claim of the pledgee. But where, as in this case, the pledge is a promissory note, and it be delivered to the officer, it certainly affords no defence to the maker thereof, that the pledgee need not have parted with the possession. Of what interest is it to him whether the pledgee asserts his claim or not? He can be required to pay but once, and a payment to the officer is sufficient, his possession, if he had authority to make the levy, being good as against the maker at all events. Having surrendered the pledge to the Sheriff, the pledgee, if he ever asserts his claim, must look to him and cannot call upon the maker to pay the second time; and if he should, it

would be a sufficient defence that he had parted with his possession to the Sheriff, and that officer had collected the note. The Defendant, however, has denied the existence of the judgment and execution mentioned in the complaint, and as the Plaintiff sues in his official capacity under the peculiar provisions of our Statute, to collect the note levied upon to apply on the execution in his hands, he must show that he became possessed of the note in the manner contemplated by the Statute, and in this respect the judgment and execution become important.

It is objected that the denial of the judgment, being upon information and belief only, was insufficient, but we do not think this objection is well taken. The Statute expressly admits of this form of denial, and we think such denial good wherever the facts thus denied are not necessarily within the knowledge of the party denying. And although in this case the judgment pleaded is matter of record, and the Defendant might readily have informed himself of the truth or falsity of the allegation ; yet as he may not in fact have had knowledge or information sufficient to form a belief on the subject, and was not bound to take notice of judicial proceedings to which he was not a party, he might, if he chose so to do, adopt this form of denial. It might perhaps have been sufficient for the Plaintiff to have set up in his complaint the issuing of the execution and the levy, but having tendered an issue upon the judgment, we think he is bound to prove it. Had he not averred the recovery and existence of the judgment, and no such judgment had in fact been recovered, or was not then in existence, and the Defendant had so pleaded, this would have been a complete defence to this action. It certainly ought not to make any difference in the trial of this issue whether it be tendered by the Plaintiff or the Defendant. If the Plaintiff is bound to prove the judgment in the ordinary way, when the Defendant avers that it does not exist, and the reply takes issue upon the averment, why should he not be required to do so when he avers the existence of the judgment himself and the Defendant denies it ? The issue of the recovery or existence of the judgment was not in our opinion an immaterial issue, nor was the judgment proved by the execution or the

recitals in the execution, for *non constat* that there was a judgment; and if the judgment did not exist, the execution falls to the ground.

We are therefore of opinion that the Court below erred in holding that the judgment need not be proved by evidence aside from the execution itself. Had this been an action brought by the Defendant in the execution against the officer for taking this property, then the execution, if regular upon its face, would have been sufficient without proof of the judgment, and this too perhaps whether there was really a judgment in fact or not; for it is the policy of the law to protect its officers in the execution of the process of the courts, so long as they keep within the commands or authority of the writ in their hands. But the protection thus afforded by the writ alone, is confined strictly to the officer and to his official acts done in pursuance of its commands, and does not extend to any one else though claiming under these very official acts— nor is the officer even protected, where the action is brought by any one other than the judgment debtor. Hence, where the action is by or against the purchaser at the sale of property taken in execution, or against the judgment creditor, or by or against any one who may claim the benefit of the official acts of the officer, the execution alone is not enough, the judgment too must be proved. Wherever the title to property taken on execution by an officer is directly in issue, the judgment, being essential to the validity of the execution, must be proved by him who claims under it, because it is a necessary link in his chain of title. While therefore the execution alone would fully protect the officer in this instance, against an action by the pledgor or judgment debtor; yet, when he is asserting a *quasi* title by virtue of the levy, as against a party other than the judgment debtor, the judgment is essential to the perfection of that title, and if put in issue must be proved as in other cases.

In regard to the plea of payment the evidence is clear that no part of the note was paid in fact, except a sum equal to the debt for which it is pledged, and this, although made after the levy was allowed by the jury. And even should the giving of a new note have been construed into a payment, we

think the Judge stated the law correctly when he charged the jury that if the Defendant, after discharging the debt for which the note was pledged, paid the balance to the pledgee after it had been levied upon, and with a full knowledge of the levy, he was not discharged as to such balance.

Judgment reversed, and a new trial awarded.