STATE OF MINNESOTA ex rel. JOHN F. ATHERTON

*vs.*

LYMAN A. SHERWOOD.

Upon *mandamus* at the relation of the holder of a certificate of election to the office of clerk of the district court, and who has given the bond and taken the oath prescribed by law, such relator is entitled to the possession of the seal, records and papers of the office as against one holding by virtue of an appointment till his successor is elected and qualified, and the court will not go behind the certificate of election, and try the question whether or not the relator was eligible to said office.

An alternative writ of *mandamus*, reciting that the relator had been elected such clerk at the last general election, had received the certificate, and had duly qualified, that the respondent, who was his predecesor in office, and whose term of office had expired, was in possession of said seal, &c., and refused on demand to deliver them to the relator, states facts sufficient to show a right in the relator to such delivery.

Proceedings in *mandamus* are not within the provisions of the constitution relative to trial by jury.

A denial in the answer to the writ, of any knowledge or information sufficient to form a belief, as to whether the relator had received such certificate, will not be stricken out as *sham*.

---

Atherton v. Sherwood.

---

An alternative writ of *mandamus* was issued out of this court upon the relation of John F. Atherton, directed to Lyman A. Sherwood, commanding him to deliver to said relator, the seal, books, records, papers, and all other things whatsoever belonging to the office of clerk of the district court of Mower county, Minnesota, or that he appear before the court and show cause, &c. The matters recited in the writ, and the proceedings in this court are fully stated in the opinion of the court.

ALLIS, GILFILLAN & WILLIAMS for Relator.

GORDON E. COLE for Respondent.

*By the Court*—RIPLEY, CH. J.—The alternative writ in this case, recites, that at the last general election, the relator, a citizen of the United States, of full age, and residing in Austin in Mower county, was elected to the office of clerk of the district court of said county, and upon the official canvass of votes received a certificate of such election under the hand and official seal of the county auditor, and thereafter, on the 30th day of December, 1869, took the oath, and gave the bond required by law, and on the 4th day of January, 1870, filed the same in the office of the register of deeds; that on the 5th day of said month, at the office of the clerk of said court, he demanded of the respondent, who was his predecessor, and whose term of office had expired, the seal, records, books, papers, and all other things whatsoever belonging to said office, and then in respondent's possession, who refused to deliver the same to him.

The writ requires the respondent to deliver them, or show cause to the contrary.

On the return of the writ, the respondent moved to quash it, because it does not allege, that there was any clerk to be

Atherton v. Sherwood.

chosen at such election, or that relator received a majority of the votes cast, or that he was eligible, as having resided in the state and county for the time required, previous to said election; in other words, that it does not show a title in the relator to the relief demanded.

The statute requires the writ to state concisely the facts, showing the obligation of the defendant to perform the act. *Rev. Stat.*, ch., 80, *title* 1, *sec.* 4. This is but the converse of the rule at common law, that the writ must show a clear right to the relief demanded. The relief demanded is the delivery of the seal, records, &c., appertaining to the office of clerk. Do the facts alleged in this writ sufficiently show a clear right in the relator to such relief? Although loosely drawn, it sufficiently appears from it, that the relator holds a certificate from the proper officer, of his election, at the last general election, to the office of clerk of the district court; that he has duly qualified; that the respondent, who was his predecessor in said office, and whose term of office has expired, is in possession of the articles demanded, and refuses, though requested, to deliver them to the relator.

These allegations bring the case within the scope of the decision in *Crowell vs. Lambert*, 10 *Minn.*, 369, for they show the relator to hold a certificate of election to the office, to have duly qualified himself for the exercise of the duties, and that the respondent has no right whatever to the possession of the articles demanded.

It is true that the writ does not state for what term the election was had, but the presumption is that it was legally held, and also, as the term of office is fixed by the constitution at four years, and not until a successor is elected and qualified, and as the respondent is alleged to have been the predecessor of the relator in such office, and that such preceding term had expired, that it was for the regular term

commencing January 1st, 1870. *Const. Art.* 6, *sec.* 13; *Rev. Stat. chap.* 1, *sec.* 1. The motion to quash must therefore be denied.

The answer alleges, that on the second day of December, 1869, there was a vacancy in the office of clerk; that on that day the respondent was duly appointed by the judge of said court to fill such vacancy, and hold and exercise the duties of such office till his successor should be elected and qualified; that he has duly qualified under such appointment, and still holds and exercises the duties of said office thereunder, and that no successor has been elected or qualified; that relator was at the time of said election, and still is a citizen of Michigan, and had not resided in this state, and said county, for the required time previous to said election, and therefore was not eligible to, nor entitled to hold said office.

The possession by respondent of the articles demanded, and the demand and refusal are admitted. The expiration of respondent's term of office is denied, and as to every other allegation in the writ, any knowledge or information sufficient to form a belief.

The answer further alleges, that witnesses material to maintain the issues therein tendered reside in Michigan; that no adequate means are provided by law whereby said issues can be tried in this court, and that he is entitled to a trial thereof by jury, which cannot be had in this court.

Upon filing this answer, the relator moved to strike out all the allegations of new matter therein as irrelevant, and the denial on information and belief as sham.

The respondent also moved to dismiss the proceedings upon the ground that the issues tendered by the answer were material; that he was entitled to a trial by jury therein, which could not be had in this court, nor any process or

means by which he could obtain testimony from without the state.

The issue tendered is whether or not the relator was *eligible*.

From what has been already said, it follows, that this issue would be immaterial but for the alleged appointment of respondent, as it would still leave the relator holding the certificate of election, and duly qualified, and the respondent in possession without right. Does the fact that he has been appointed to hold till a successor is elected and qualified make it a material issue ? The respondent claims that *Crowell vs. Lambert* was decided upon the peculiar circumstances of the case showing a vacancy in the office *de jure*, until Lambert's successor was inducted, and is not to be extended beyond then. The decision in that case is that the person holding the certificate is under those circumstances *prima facie* the officer, and therefore *prima facie* entitled to the insignia, and records of the office.

If, in this proceeding we are to go behind the certificate of election and try the *title* of the relator to the office, that case does not govern this, and the eligibility of Atherton is a material issue, otherwise not.

The correct rule seems to be that mandamus does not lie to try and finally determine the title to an office, except perhaps in a case in which the law has provided no other means of doing so. *People vs. Stevens,* 5 *Hill,* 616, 628, *People vs. Head,* 25 *Ill.* 325. *King vs. Mayor of Colchester,* 27, *R.* 259. *Angell and Ames on Corp. section* 738, *and cases cited in note.*

Our statutes have not changed the rule in this respect. They contain nothing from which an intention to enlarge or change the issue to be tried can be inferred, and though the writ of *quo warranto,* which is the adequate and specific

remedy to try title, should be held to have been abolished, other and very adequate provisions are made for the full and speedy trial and determination of questions as to *title* to office. *Rev. Stat. Ch.* 79, *sec.* 3.

It would seem then to be immaterial in this proceeding whether or not the relator was eligible, or was duly elected to the office, for to try either issue would be to try the title. *Cole on Crim. Inf. and Quo Warrant*o. 31 *Law Library, ch.* 3, *p.* 105, 107.

What then remains on these pleadings which is material to be tried ? As we are not to go behind the certificate of election, we are only to determine whether or not the relator has received the certificate of election, and has given the bond, and taken the oath required by law. If so, he is, *prima facie*, the "successor, elected and qualified," of the respondent, and as such, entitled to the possession of the articles demanded, until, in a proper proceeding for that purpose, his title to the office shall have been tried, and found defective.

In other words a *prima facie* title to an office gives a right to the possession of the insignia, and furniture thereof, and the records and other books, and papers, appertaining thereto.

But it is said, that as *mandamus* will not lie to admit one to an office which is full, of one holding under color of right, but the claimant must resort to his proceeding in the nature of *quo warranto*, and as this office is thus full, this writ must be dismissed.

But the reason of the rule is, that a *mandamus* to admit runs to others than the incumbent, and they are required to oust him, and thus his rights are sought to be passed upon, in a proceeding to which he is not a party. But this is not the case. The respondent's title to hold till his successor is elected and qualified is not in question.

Atherton v. Sherwood.

If the view we have taken is correct, the relator, if he has a certificate and has qualified, *is prima facie*, the clerk. He presents himself with all the evidence which the law has provided that he is the respondent's successor in office, elected and qualified. It is not for the latter to demand any other, or further evidence, before delivery of the insignia of the office, and the necessary means and implements for the exercise of its duties. If he may, why may he not also prescribe its character, and decide on its sufficiency? While we have found no case in which the title to an office has been tried on a *mandamus* brought for similar, or analagous relief, the precise question raised here, was raised and decided in the case of *The People vs. Head*, 25 *Ill.*, 325, cited in *Crowell vs. Lambert*, but even more entirely coincident in the question involved with this. The petition in that case recited that the relator held a certificate of his election as clerk of the county court of McDonough county ; that he had subsequently received his commission from the governor, and had qualified ; that the former clerk, whose term of office had expired, was in poesession of the records, furniture, and key of the office, and refused to deliver them, and prayed a *mandamus* to compel their delivery to the relator.

The answer alleged, that respondent held his office by law till his successor was elected and qualified ; that he was a candidate for re-election, and received a majority of the legal votes, and was actually contesting the election in the circuit court, and that in the meantime he was entitled to possession, and prayed that the court would dismiss the writ, or make up an issue whether relator or he were duly elected, and send it to be tried in the circuit court. The court say that upon the receiving the certificate of election, and taking the oath of office, and giving bond, the relator was as much entitled to take possession of the office as he ever could be.

Who, they ask, shall say, without law, that the party who possessed all the evidence of election and qualification which he ever can have, all that the law has authorized to be given in any case, is not entitled to, and shall not enjoy the office?

This covers the whole ground, for if the respondent in that case had contested the right of the relator to the records on the ground that he was not *eligible* to the office, the above remarks would have been just as applicable. The case cannot be distinguished in principle from the one at bar, and the decision there reached seems to be well founded both in reason and authority.

To our minds, the heavy fine provided in our statute in the case of usurpation, or unlawful holding of office, confirms the view we have taken.

It is as if the legislature, in view of the right of the holder of a *prima facie* title to possession, meant by this penalty to deter those who were not *bona fide* the duly qualified choice of the people from abusing that right. The foregoing considerations dispose of the respondent's motion to dismiss in all respects except that based on his supposed right to a trial by jury, and relator's motion to strike out the new matter, as irrelevant, must be granted.

The motion to strike out the denial on information and belief, as sham, as already intimated, must be denied. It puts in issue, the material facts of the issuance of the certificate, and the oath and bond of the relator.

As to the oath and bond, the respondent admits that they are presumably within his knowledge, and offers to modify his answer so as to admit their execution and filing, but the issuance of the certificate is in no sense presumably within respondent's knowledge.

Atherton v. Sherwood.

The case of *Mower vs. Stickney*, 5 *Minn.*, 397, is to the point on this question, and decisive.

This issue is to be tried in the manner provided by *Stat.* 1869, *Ch.* 79, for we are clearly of opinion, that the provisions of the *Constitution. Art.* 1, *Sec.* 4, relating to trial by jury, were not intended to, and do not include proceedings of this nature.

It remains to be considered whether or not the relator has, in the words of the statute, another "plain, speedy and adequate remedy." It is urged that he has; that the proceedings referred to in the nature of a *quo warranto* lie for him against respondent. If it be so, still this remedy is not "speedy and adequate," for it does not give him that immediate and present *possession* to which he is entitled. The result of the whole matter is, that a referee will be appointed to try the issue as to the certificate of election, and file his report with all convenient speed, and if upon his report the fact appears to be as alleged in the writ, a peremptory mandamus will issue on the confirmation of the report, otherwise the writ will be dismissed.