Allen v. Robinson.

# JOHN D. ALLEN

## *vs*

# GEORGE W. ROBINSON.

The parties were rival candidates for the office of register of deeds for Mower county at the general election of November, 1870.

The county canvassing board declared petitioner to have been duly elected, and the county auditor issued to him the certificate of election provided for by. *Gen. Stat. ch.* 1, *sec.* 30. Upon proceedings taken by respondent to contest such decision, pursuant to sec. 49 of said chapter, the district court on the 31st December, 1870, rendered judgment reversing said decision, declaring said certificate to be null and void, and that respondent was duly elected to said office. From this judgment the petitioner appealed to this court. *Held,* that during the pendency of such appeal, the respondent, not the petitioner, is entitled to possession of the office, and upon his qualifying, it was the duty of the former register to deliver it to him on demand.

Therefore, although petitioner, (who had also qualified,) to whom the former register had turned the office over, was compelled to yield it in respondent's favor to superior force exercised under process irregularly issued from the district court; yet mandamus does not lie to restore him to such possession.

This is an appeal from the judgment of the district court for Mower county, and the case is fully stated in the opinion of the court.

J. B. BRISBIN, CAMERON & JOHNSON and A. S. EVEREST, for Appellant.

PAGE & WHEELER and C. K. DAVIS, for Respondent.

*By the Court.*—RIPLEY, CH. J.—Upon the petition and affidavit in support thereof on which it was ordered that the respondent show cause why a peremptory writ of mandamus should not issue to him to deliver to petitioner the office, business, records, files, &c., of the office of register of deeds for Mower county, and upon the affidavits presented by respondent against the issuance thereof the facts of this case appear to be as follows:

At the last general election the petitioner and respondent were both candidates for the office of register of deeds.

The board of canvassers declared the petitioner to be elected, and he received the certificate thereof as provided by *Gen. Stat. ch.* 1. *sec.* 30.

The respondent duly gave notice of contest; a trial wherein having been duly had in the district court, judgment thereon was rendered on the 31st day of December, 1870, reversing the said decision of said board of canvassers; declaring said certificate null and void, and that respondent was duly elected to said office.

On the 2d January, 1871, respondent took the oath and gave the bond prescribed by law for such office, which bond was on the same day approved by the board of county commissioners, and on the same day the respondent demanded of one Hathaway, the old register, and then incumbent, that he deliver over to him the office, and books, papers, records, &c., thereto appertaining; which said Hathaway refused to do, and on the same day delivered the possession thereof to the petitioner. On the same day respondent made a like demand on the petitioner, which was refused.

On the 3d day of said January, petitioner took the oath and gave bond as by law prescribed for such office, which bond was on the same day approved by said board, and petitioner

on the same day entered upon the discharge of the duties of said office.

On the same day petitioner obtained an order of the district court staying proceedings on said judgment for 20 days.

On the 4th day of said month, petitioner gave notice of appeal to this court, and served and filed a bond with sureties approved by said court, in $2,000, conditioned as required by *Gen. Stat. ch.* 1. *sec.* 52, and also as specified in *ch.* 86 *secs.* 10 *and* 12.

On the 12th day of said month the district court made an order vacating said stay of proceedings; on the same day pursuant to an order of said court of that date, and an affidavit of respondent's attorney, of his belief that by reason of partiality and prejudice, the sheriff would not faithfully perform his duties therein, a writ issued out of the clerk's office of said court directed to the coroner, reciting said judgment, and commanding him to put said respondent in possession of said office and the records, &c.; also commanding said Allen, his deputies and servants [though the writ is not directed to them and there is no recital therein that he was in possession,] to yield obedience thereto, and yield and deliver up said office, records, &c.; upon which writ the coroner returns, that he served the same on the 13th day of said month, at Austin, in said county, by delivering a true copy thereof to petitioner, and said Hathaway, a deputy of said petitioner, and by putting respondent into possession of the office, key and records, &c.

In *Atherton vs. Sherwood*, 15 *Minn.* 221, this court held, that as against an incumbent holding till his successor is elected and qualified, one who has received the certificate of election and has qualified, is, *prima facie*, the successor in office of such incumbent, and entitled, on mandamus, to the possession of the office, until, in a proper proceeding for that purpose,

his title to the office shall have been tried and found defective, when, of course, his right to possession would cease.

When Hathaway, the former incumbent of this office, delivered possession to petitioner, the title of the latter thereto as register elect had been contested by the respondent in the manner provided by law, and the judgment of the proper court had been rendered, declaring respondent, and not petitioner, to be such register elect, and annulling the certificate of election issued to petitioner by the county board.

The respondent had qualified, and when on said 2d day of January he demanded possession of Hathaway, he was, so far as Hathaway was concerned, to all intents and purposes, in the words of the law, his successor duly elected and qualified.

Under the territorial statutes, the clerk of the district court would, upon such judgment, have issued a certificate to respondent, which would have been conclusive evidence of his right to hold the office. *Rev. Stat. ch. 6, sec. 5.* The judgment cannot be less so.

If, therefore, the respondent had applied, upon said Hathaway's refusal, for a peremptory mandamus on said Hathaway to be put in possession, what reason could the latter have assigned why it should not issue? None, certainly; for whatever the effect of an appeal, none was then taken. That he had let petitioner into the office would not avail him, for he could not escape his duty of turning the office over to his successor, by pleading his own wrong in putting an unauthorized person into it.

In law, petitioner would be but Hathaway's servant, or in possession by his license only, which he would be bound to revoke.

On the second of January the respondent was entitled to the possession of said office, and, as against him the petitioner's possession was but Hathaway's possession, and like his, absolutely without right.

Allen v. Robinson.

Let us assume then, this being so, that he had yielded, as his duty was, to the respondent's demand made on that day, and given him possession.

Though the petitioner has no longer possession, nor the right of possession, he has the right to appeal from the judgment.

The next question, then, is as to the effect of the exercise of this right upon the possession of the office.    Who is entitled to it during the pendency of the appeal ?

The effect of the appeal in this respect must be the same whether it be taken on the day the judgment is entered, the next day, or six months thereafter.

The respondent's rights, whatever they may be, accrue upon the rendition of the judgment, and the judgment must be rendered *before* an appeal can be taken, though it be but the moment before.

Suppose, now, that the petitioner appeals on the last day of the six months, and on the next day demands possession of the respondent, and on his refusal, applies for a peremptory mandamus to compel him to give possession.    The day before he appealed the respondent's right to the possession was clear. Has the appeal reversed the position of the parties, and is the petitioner's right to the possession as clear to-day, as the respondent's was yesterday ?    We think not.

The county board declared petitioner elected.

The respondent appealed from that decision to the district court.    He contested it ; sought its reversal.

While that contest was pending—till *that* judgment was reversed— the petitioner was, in the eye of the law, the register of deeds, and entitled to possession, notwithstanding the appeal.    *People vs. Head*, 25 *Ill.* 325.    *Atherton vs. Sherwood*, 15 *Minn.* 221.    When the district court decides against him, and in favor of the respondent, the petitioner, in his turn, has the

right of appeal to *this* court, to procure if he can, the reversal of *that* judgment.

Pending this appeal, till the judgment of the district court is reversed, (if it shall be,) the respondent, in all reason and principle, must, in his turn, be, in the eye of the law, the register of deeds, and entitled to possession notwithstanding such appeal.

The holder of the certificate has the *prima facie* title pending the appeal to the district court.

The holder of that judgment has, at least, the *prima facie* title pending the appeal to this court.

No other result can possibly be reached without giving to an appeal the effect, not only of a stay of proceedings upon the judgment, but of a suspension of the judgment itself for the time being, so that, pending the appeal, there would be no judgment of the district court declaring respondent duly elected; leaving thereby as the only decision in force, that of the county board declaring petitioner duly elected;—in which case his appeal does for him, while it is pending, all that the judgment of reversal, which it is its object to procure, could effect.

It is evident that such a construction would be liable to great abuse; but it is too unreasonable on its face to require to be met by such considerations, and on authority, no appeal or writ of error ever had any such effect.

An appeal in chancery is so far from having any such effect, that the established rule is that it does not even stay proceedings under the decree appealed from without the special order of the court, which is very unwilling to suspend their execution. 2 *Daniell Ch. Pr.* 1547. And though a writ of error at common law operated as a stay of execution from the date of its allowance, yet, like an appeal, it was so far from having any further or greater effect, that after writ of error allowed, an

action might be brought on the judgment, though plaintiff would not be allowed to sue out execution on the second judgment till the writ of error was determined; and if the first judgment was finally reversed, the second must necessarily be so too. *Jacques vs. Cæsar*, 2 *Saunders Rep.* 101, *Serj. Williams' notes.*

So Gen. Stat. 86, sec. 11 provides for stay of execution on judgment for money in civil actions, but it was never supposed that because execution was stayed therein, it was not still a judgment to all other intents; as for instance, that it was not a lien on real estate.

If, indeed, this judgment had been for costs also, to collect which an execution might issue, or if a writ of execution, or any writ might properly have been sued out thereon for the delivery of possession of said office, records, &c., to respondent, it might become material to consider whether such an appeal would operate to stay such proceedings or not, and some strong reasons might be urged in favor of the petitioner's view that this appeal would operate as such a stay; not on account of the bond being given under the aforesaid secs. of ch. 86., for we think, with one of the petitioner's counsel, that those do not apply. But the statute contemplates the *removal* of the judgment into this court.

The mode of removal (which under the territorial law, was by writ of error or in such other manner as is provided for removing causes from the district court to the supreme court, *R. S. ch.*6, *sec.* 5,) is not specified, otherwise than that the bond on removal is to be conditioned for the payment of all costs incurred by the respondent, in case the appellant fails in his appeal; the inference, however, from which is, that it is to be removed as provided in ch. 86.

The appeals from certain judgments therein specified are not to operate as a stay unless certain bonds are given.

If this law (*ch.* 1 *sec.* 52) *removes* this judgment by appeal, upon giving the bond specified in it, and imposes no restrictions upon the effect of the removal, it might be very well said, that it should operate as a writ of error, or any other proceeding that *removed* the judgment would operate, viz.: as a stay of execution; for, if the judgment is *removed* into this court, it is no longer in contemplation of law in the district court, and how could that court issue an execution on it?

It could only operate, however, as a stay from the date of appeal. It has no relation back.

So far was a writ of error from relating back, that, to prevent the issuance and service of an execution before such writ could be allowed, it was customary to sue it out *before* judgment was entered. 2 *Saunders Rep. p.* 101, *supra.*

But the question, as we have said, is not material here, for, as was well observed at the bar, this judgment executes itself. Its office is to determine the contest, (*Gen. Stat. ch.* 1. *sec.* 52.,) by declaring who has been duly elected to the office. It is the respondent's evidence and muniment of title to the office, but an execution to put him in possession thereof can no more be sued out upon it, than could have been upon the certificate issued to the petitioner.

No provision, therefore, is made in the statute for a stay of execution on such appeal, for it was not contemplated that on such a judgment any execution could issue; and so too the action of the district court in granting and vacating the stay of proceedings was alike immaterial.

As to the writ under which respondent was put into possession, it issued upon his petition, reciting the judgment, and petitioner's obtaining possession, and the demand of possession and refusal aforesaid; but it does not itself recite these things. It purports to issue upon the judgment, and *because* the respondent has been declared duly elected, and is entirely

Allen v. Robinson.

anomalous and irregular, and whether the appeal was a stay of execution or no, such writ was in no way authorized by law.

But with this we have no concern. Hathaway, as we have seen, delivered the office and the records and papers therein, and appertaining thereto, into the possession of Allen; the respondent, and not said Allen, having the right to such possession, and the law imposing on Hathaway the duty to turn the same over to respondent, as to his successor in office. Respondent had indeed no right to any such writ as this, but he had a right to possession, pending this appeal. Petitioner yielded obedience to the writ, however, and the officer put respondent into the possession which was his right.

Whether, as alleged by petitioner, he yielded in consequence of the officer's threats of violence, is also here immaterial.

The possession which he then surrendered, he had no right to retain against respondent—and however irregular the writ, and the proceedings under it—may have been, it would be a novel ground on which to base a peremptory mandamus, that the petitioner had surrendered a possession, unlawful indeed, but in obedience to irregular process, yielded to under compulsion or fear of violence.

If he has any remedy for these things, it lies in another direction.

To obtain the writ now applied for, he must show that he has a clear right to require respondent to deliver possession to him.

Pending this appeal he has no right to such possession.

Therefore, he has no right to require respondent, who is entitled to it, to deliver it to him.

The petition is dismissed.