DECEMBER, 1821.

## The State ex. rel. Mead *against* Dunn.

Mandamus will not lie on behalf of one claiming the office of Judge of a CountyCourt, when another holds the commission, and is in the exercise of its duties.

JUDGE *Webb* delivered the opinion of the Court.

The applicant sets forth by his petition, that on the —— day of *November* last, an election was held for the office, of Judge of the County Court of *Blount*; that on counting the votes, it appeared that he had 33, and said *Dunn* 32 votes. Whereupon the Speaker of the House of Representatives announced that said *Mead* was duly elected. Some members, who had been absent during the election, then came in, and asked leave to vote, which the speaker decided they had then no right to do. A motion was then made and carried to go into the election for said office again, and on counting the votes taken on the second election, it appeared that *Dunn* had a majority of the whole number of votes given, and he was thereupon announced to be duly elected : that said *Mead* applied to the Governor for a commission, which he refused to grant, and on the same day, issued a commission to *Dunn*. The statements in the petition are supported by copies of the journals of the Senate and House of Representatives, and certificates from the Secretary of State.

For the petitioner it is contended, that an injury has been done ; that the proper remedy is by Mandamus; and that the power to issue this writ in such a case properly belongs to this Court.

The writ of Mandamus is said to be a high prerogative writ, issuing from a Superior tribunal to any person, Corporation, or inferior Court of Judicature, requiring them to do that justice which in duty, and by virtue of their office, they are bound to do. It lies in relation to an office which is attempted to be held and exercised by virtue of an appointment which is merely colorable and void. It is said *not to* be the proper remedy, when the election is doubtful. If an officer be actually sworn in, his right should be first tried. (a) In the present case, it would at least seem reasonable that the person invested with the office should have an opportunity to defend his right before he is disturbed in its exercise. Would it be proper on an ex parte application, which admits that the Supreme Executive power, acting within the authority delegated by the Constitution, has issued a commission, to declare that commission merely colorable and void ? Or is it only voidable on sufficient evidence, as to the nature of the election, and as to the right of the petitioner ? The latter conclusion seems most compatible with the powers and

(a) 3 *Burr*, 1454, 4 *Burr*, 2010.

·duties prescribed by the Constitution to the co-ordinate departments of this Government.

But that there is another mode by which the right of the incumbent, *Dunn*, can be tried, will not be questioned; and it is in general, a sufficient reason to refuse a Mandamus, that the party applying for it has another specific legal remedy.(*b*) The authorities seem to settle this principle beyond controversy. The case of The King against The Mayor of Colchester (*c*) not noticed in the argument, was an application to admit Grimwood to the office of Recorder of Colchester, on the ground that the Mayor had refused legal votes given for the applicant, and improperly admitted others given for the candidate, who was admitted and sworn into office. The Court were clearly of opinion that it was a decisive answer to the application for a Mandamus, that there was another remedy by information in the nature of *Quo Warranto*, by which the title of the office in possession could be tried, as well as on a Mandamus. The reason for refusing the Mandamus, as stated by the reporter, was there was a *Recorder de facto*, and the applicant had another remedy, by Quo Warranto. The analogy between that case and the present is certainly strong.

The petitioner prays that the Mandamus may be directed to the Judge of the County Court of *Blount* County. Does the duty of admitting one to the office of Judge of the County Court appertain to that office? The County Court is of limited power and jurisdiction. No such power seems to have been prescribed to it by the Statute, or by any law, to appertain to it. In the many cases which have been introduced, and a number of others which have been examined by the Court, and in the precedents which have been looked into, not a case has been found in which the writ was directed solely to the person intended to be ousted; but all warrant the conclusion that it must issue to those having the power to appoint or admit, not to one who by the petition itself is supposed to have no official power whatever. Applications of this nature have heretofore required the writ to command some person or persons in public trust, to discharge some duty, which they are competent and are bound to perform. Here the writ is required to be directed to one to whom the law has given no power to perform the duty to be required.

From the matter shewn by the petitioner, we are of opinion that there is de facto, a Judge of the County Court of *Blount.* That the petitioner has another special legal remedy—that the petition prays that the writ may be directed to one who has no power to execute its mandate, and that the petition be denied.

DECEMBER, 1821.

The State ex. rel.
Mead
v.
Dunn.

(*b*) 1 *Term* 404.
3 *Term* 652. 4
*Bac. Ab.* 506.

(*c*) 2 *Term*, 259.

DECEMBER, 1821.

The State ex rel.
Mead
v.
Dunn.

The two houses of the Legislature, after making an election, may, before separating, arrest it, and make another election.

·At the same term, on the application of Mr. *Mead*, setting forth the facts as above, the Attorney General obtained a rule against Mr. *Dunn*, to shew cause why an information in the nature· of a Quo Warranto should not be filed.

At *June* Term 1822, the case having been argued, Judge *Webb* delivered the opinion of the· Court.

Without deciding whether an information in the nature of a Quo Warranto can in any case originate in this Court, we proceed to enquire, if any legal purpose can be attained by it in the present case. Was· *Dunn's* election legal, or not? It is the opinion of the Court that it was perfectly competent for the two houses of the Legislature, while they were assembled together, for the purpose of making the election, to revise or alter what they had done while thus assembled. In the present case, they did so revise and alter their first proceeding, and by their last act on this subject, declared that *Dunn* was duly elected. Let the Rule be discharged.