THE STATE OF FLORIDA EX REL. ATTORNEY-GENERAL, PLAINTIFF, vs. JAMES E. JOHNSON, DEFENDANT.

1. In an alternative writ of mandamus upon the part of the State, to compel the surrender by a prior incumbent of a public office of the office room and the records, books and papers of the same, it is not absolutely necessary to allege in specific words that the term of office of such prior incumbent has expired.

The State of Florida ex rel. v. James E. Johnson.—Syllabus.

While the writ would be more exact and definite if the specific words were used, their use is not essential, and words fully equivalent, from which the expiration of the term follows as a necessary consequence, are sufficient.

2. Allegations contained in such an alternative writ of mandamus as is mentioned in preceding head-note, to the effect that at a general election held in accordance with the provisions of law in this State, in the county of Duval, one J. F. G. was a candidate for the office of Tax Collector of said county, was voted for at said election for said office; that the returns of said election were duly canvassed by the proper canvassing board of said county, and that he was shown by such canvass to have received the highest number of votes cast for any person for such office, and was declared elected to the same; that the supervisor of registration of such county gave him a certificate of his election, certifying that according to said returns and canvass he was at said election elected Tax Collector of said county for the term prescribed by law—beginning on the first Tuesday after the first Monday in January, A. D. 1895—(which precedes the date of said writ); that he had duly given his bond and qualified for said office in all respects, and that the Governor of the State, under his hand and the great seal of the State, did commission him to be such Tax Collector, according to the Constitution and laws of this State, for the term of two years from the first Tuesday after the first Monday in January, A. D. 1895, and until his successor is qualified; that the incumbent of said office prior to the term for which said J. F. G. was commissioned as aforesaid was J. E. J., the defendant, make a sufficient *prima facie* showing that the term of said J. E. J. as Tax Collector has expired.

3. The allegations of the alternative writ of mandamus set out in the preceding head-note are sufficient *prima facie* allegations of an election in fact of J. F. G. as Tax Collector of Duval county.

4. Section 2 of Article VI of the Constitution of this State gives the Legislature power to provide for the returns of elections, and with it, as a necessary incident to that power, the authority to appoint and designate some officer, or board of officers, to aggregate the returns and ascertain and declare the result of such elections.

5. Where the result of an election held under the provisions of law has been ascertained and declared by the proper canvassing board, their official announcement is of binding force and

efficacy as to the fact of an actual election, until reversed or set aside by a court of competent jurisdiction.

6. Upon an application for mandamus the court will not go behind the certificate of election and try the actual title to the office..

7. It is not necessary, in a mandamus on behalf of the State, to allege the eligibility of the person stated therein to have been elected to the office, for the reason that to try such an issue would be to determine the title to the office upon proceedings in mandamus, which the court will never do.

8. A *prima facie* title to public office confers a right to exercise its functions, and a right to the possession of the insignia and property thereof, and on such title the courts will compel a delivery of such insignia and property for the time being, without adjudicating the actual title.

9. The commission of the Governor of this State is the highest and best evidence of who is the officer, until on a *quo warranto*, or proceedings in the nature of a *quo warranto*, it is annulled by a judicial determination.

10. Where one person has the certificate of election and the commission to hold an office, he is *prima facie* the officer *de jure*, and a mandamus to put him in possession of the property of the same can not be defeated by a claim that the election was illegal, and that the incumbent is entitled to hold as an officer *de facto* until a proper election and qualification of his successor.

This is a case of original jurisdiction—Mandamus.

The facts of the case are stated in the opinion of the court.

*The Atorney-General* for Plaintiff, and *Fred. T. Myers* (the Attorney-General consenting) also for Plaintiff.

*A. W. Cockrell & Son* and *J. M. Barrs*, for Defendant.

LIDDON, J.:

The State of Florida, by the Attorney-General, filed in this court a petition for a mandamus against the defendant. Said petition alleged, in substance, that at the general election under the laws of said State held in and for the county of Duval on the 2nd day of October, A. D. 1894, John F. Geiger was a candidate for the office of Tax Collector of said county, and was voted for at said election for said office; that the returns of said election were afterwards, to-wit: on the fourth day of October, A. D. 1894, canvassed by the County Judge, the Supervisor of Registration and the Chairman of the Board of County Commissioners of said county, sitting as a county canvassing board of elections, in pursuance of law; and the said John F. Geiger was by said canvass shown to have received the highest number of votes cast for any person for said office of Tax Collector, and was declared elected to said office; that the Supervisor of Registration for said county, afterwards, to-wit: on the 6th day of October, A. D. 1894, did make, sign and deliver to the said John F. Geiger a certificate of election, certifying that on the 4th day of October, 1894, W. H. Baker, County Judge of Duval county, Florida, E. J. E. McLaurin, Supervisor of Registration of said county, and Charles Marvin, Chairman of the Board of County Commissioners of said county, did publicly canvass the returns of the election districts of said county, filed with the said County Judge and said Supervisor of Registration, as required by law, showing the votes cast for Tax Collector of said county at an election held therefor, on the 2nd day of October, 1894, and did declare the result thereof, and according to said returns and canvass John F. Geiger received the high-

est number of votes cast for any person for said office of Tax Collector; and that according to said election returns and canvass, and the result declared as aforesaid, the said John F. Geiger was at said election elected Tax Collector of said county for the term prescribed by law, and beginning the first Tuesday after the first Monday in January, A. D. 1895; that said Geiger had duly filed his bond as such Tax Collector, which had been duly approved by the proper authorities, and that a commission under the great seal of the State, in due form of law, had been issued by the Governor to said Geiger, for the term of two years from the first Tuesday after the first Monday in January, 1895, and until his successor is qualified; that the incumbent of said office, prior to the commencement of the term for which the said Geiger was commissioned as aforesaid, was one James E. Johnson, who upon the demand of the said Geiger refused, and still refuses, to surrender to him the possession of the office in the court house of said county of Duval set apart for the use of the Tax Collector; and refused, and still refuses, to deliver to the said Geiger the assessment rolls, books, records, papers aad files of the said office of Tax Collector, although demand has been made on him for their delivery; that the action of said Johnson, as stated, is delaying and hindering the collection of the State's revenues in said county, and is likely to produce embarrassment and confusion in the collection of the same; and that there was no other remedy to compel the delivery of said assessment rolls, etc., except by the extraordinary writ of mandamus. The petition prayed for a writ of mandamus commanding the defendant forthwith to surrender to the said Geiger the office in the court house of Duval county, set apart for the use of the Tax Collector, and to de-

liver to said Geiger the assessment rolls, books, records, papers and files belonging or appertaining to said office, which are now in his possession. Attached to the petition was a copy of the certificate of the Supervisor of Registration of Duval county, and of the commission of Geiger as Tax Collector, referred to in the same. Upon this petition an alternative writ of mandamus, conforming to the petition and in the usual form, issued.

Upon the return of the alternative writ the defendant moved the court to quash the same upon the following grounds, to-wit: 1. It does not appear, from the allegations of said writ, with legal or other sufficiency or certainty that this moveant's incumbency, therein set up, of the said office, has expired. 2. That the allegations of said writ sufficiently show that this moveant is the incumbent of said office, exercising the function thereof, under and by virtue of his election, qualification and entry thereon, for a term not yet expired. 3. The allegations of said writ do not set up, issuably or traversably, the facts upon which, as matter of law, may be predicated the expiration of the incumbency of this moveant, or the tenure by which this moveant holds said office. 4. The said writ does not show that J. F. Geiger, to whom by the command of said writ, this moveant is required to surrender said office, was in fact elected Tax Collector of Duval county, at the election therein alleged to have been held, by a plurality of the votes by ballot of the qualified electors of Duval county, nor that he was in fact declared or certificated as elected by any tribunal or person invested by law with authority to determine that he was so elected. 5. Said writ does not show that the said Geiger was in fact eligible to said office. 6. Said writ does not set up any facts

8 SUPREME COURT.

The State of Florida ex rel. v. James E. Johnson.—Opinion of Court.

upon which, because of the refusal of this moveant to surrender said office, or the books and papers appertaining thereto, embarrassment, hindrance or delay in collecting the State and county taxes in said county may be predicated.

The said defendant also at the same time, but without waiving his motion to quash, made a return to the alternative writ. The substance of that portion of this return which it is thought necessary to set out here was as follows: That he has not surrendered to said John F. Geiger the office in the court house of Duval county, Florida, set apart for the use of the Tax Collector, and he has not delivered to the said John F. Geiger the assessment rolls, books, records, papers and files belonging or appertaining to the said office of Tax Collector of Duval county, which were in his possession, or any of them, and for cause why he has not done so shows as follows: 1. That the respondent is the duly qualified, elected, commissioned and acting Tax Collector of Duval county, Florida, elected to said office at the general election held under the laws of Florida in and for Duval county in October, 1892, duly qualified, commissioned and inducted into office for the term of two years from the first Tuesday after the first Monday in January, 1893, and until his successor is duly qualified, and he now holds the said office in the court house, books and papers, together with the right and title to the office of Tax Collector of Duval county. 2. That the said pretended election claimed to have been had and held on the 2nd day of October, 1894, was not in fact an election of said Geiger by a plurality of the votes of the qualified electors of Duval county.

The remainder of the return set out at considerable length and detail the reasons upon which the defend-

ant predicated the allegation that the election held on the 2nd day of October, 1894, was not in fact an election of said Geiger. These consisted in various charges of fraud and conspiracy on the part of the County Commissioners and election officers to prevent a fair, honest and legal election, and to falsely, fraudulently and illegally procure the counting in of said John F. Geiger to the said office of Tax Collector, and that such conspiracy prevented the election of a Tax Collector by a plurality of the votes by ballot by the qualified electors of Duval county. Various other allegations in regard to the fraudulent conduct of the election are also made. In view of our conclusion that the validity of the election, or the title of the defendant, can not be determined in this proceeding, it is not necessary to further state the allegations of the return.

The relator demurred to this return upon the grounds (1) that it was not responsive to the writ ; (2) that the facts therein set up are irrelevant and immaterial in this proceeding, and (3) that it attempts to bring into issue and to try in this cause the title to the office of Tax Collector of Duval county, which is not permissible in a proceeding of this character. The cause came on for hearing upon both of the pending matters ; the motion to quash the alternative writ, and the demurrer to the defendant's return being submitted together.

The first three grounds of the motion to quash the alternative writ may be considered together. The gist of all of them is, that it does not sufficiently appear from the writ that the term of office of the defendant has expired. It is true that the writ does not allege in specific words that the term of the defendant has expired, but we think it does sufficiently state facts fully equivalent to an allegation of the expiration of the term of the defendant. It would have perhaps

been more exact and definite to use the specific words, but their use is not absolutely essential, and words, fully equivalent, and from which the expiration of the term follows as a necessary consequence, are sufficient.

Examining the writ we learn that a general election under the laws of this State was held in the county of Duval on the 2d day of October, A. D. 1894, and that John F. Geiger was a candidate for the office of Tax Collector of said county, and was voted for at said election for said office ; that the returns of said election were duly canvassed by the proper canvassing board of said county, and he was shown by such canvass to have received the highest number of votes cast for any person for said office, and was declared elected to the same ; that the Supervisor of Registration gave him a certificate of his election, certifying that according to said returns and canvass the said Geiger was, at said election, elected Tax Collector of said county for the term prescribed by law, and beginning on the first Tuesday after the first Monday in January, A. D. 1895 ; that said Geiger had duly given his bond and qualified for said office in all other respects, and that the Governor of the State under his hand and the great seal of the State did commission him to be such Tax Collector, according to the Constitution and laws of this State, for the term of two years from the first Tuesday after the first Monday in January, A. D. 1895, and until his successor is qualified, to have, hold, and exercise said office, etc. ; that the incumbent of said office prior to the term for which said Geiger was commissioned as aforesaid was James E. Johnson, the defendant. We think these allegations in connection with the provisions of our Constitution and statutes, as to the election and length of term of Tax Collectors, make a sufficient *prima facie* showing for

JANUARY TERM, 1895.    11

The State of Florida ex rel. v. James E. Johnson.—Opinion of Court.

the purposes of this case that the term of the defendant has expired, it being borne in mind, as will be further stated in this opinion, that this is not an action in which the ultimate and actual legal title to the office can be determined. The objection, however, is made that the election of Geiger is not alleged in the alternative writ as an actual fact, or that he actually received a majority of the qualified votes cast at the said election for said office, but that his title to the office is based wholly upon the fact of his being a candidate, the determination of the county canvassing board, the certificate of the Supervisor of Registration, and the Governor's commission. The point contended for is that the provision of the Constitution of 1885 (Sec. 14 of Article XVI) providing that county officers "shall continue in office after the expiration of their official terms until their successors are duly qualified," construed together with Section 6 of Article VIII of the same Constitution, providing that "the Legislature shall provide for the election by the qualified electors in each county" of county officers, gives to such officers so elected, whose official terms have expired, a further tenure of office until their successors are elected as a matter of fact by the qualified electors of the county and have duly qualified. It is claimed by the defendant that the writ substituted an allegation of the declaration of the results of an election as ascertained by a canvassing board and certification and commission, for the necessary allegation of an actual election. Thus it is contended that it does not appear that the term of office of the defendant has expired because by the imperative mandate of the Constitution he continues to hold until an election in fact of his successor. We presume there can be no doubt that the Constitution where it speaks of an elec-

tion means an election in fact. Section 2 of Article VI of the same Constitution gives the Legislature power to provide for the returns of elections, and with it, as a necessary incident to said power, the authority to appoint and designate some officer or board of officers to aggregate the returns, ascertain and declare the result of such elections. The outcome of an election must not be left to uncertainty, to individual opinion, to hearsay, or to rumor, but must be settled by those appointed by the law for that purpose. When the result of an election held under the provisions of law has been ascertained and declared by the proper canvassing board, their official announcement is of binding force and efficacy as to the fact of an actual election, until reversed or set aside by a court of competent jurisdiction. Warner vs. Myers, 4 Oregon, 72 ; State *ex rel.* vs. Johnson, 30 Fla., 433, text 495, 11 South. Rep. 845. So in this proceeding, whatever may be said of other proceedings where the actual and ultimate title to the office is involved, the allegations of the alternative writ hereinbefore stated are sufficient *prima facie* allegations of an election in fact. A similar question was presented in the case of State *ex rel.* vs. Jaynes, 19 Neb. 161, which was an application for a mandamus to turn over the books and papers of a public office. There, upon a contention that the relator was not duly elected, the court said : "The relator's cause of action consists solely in his having been canvassed in, declared elected, awarded a certificate of election, taken the oath, and given the bond required by law, and the respondent having refused or failed to deliver up to him the books, papers, and furniture of the office, on demand. It was quite unnecessary for him to have alleged any other facts than these in his relation, nor would the

denial and disproving of any other facts by the respondent defeat the action. It is stated as the law, in a standard work on this branch of the law, as follows: 'Upon the application for a mandamus, the court will not go behind the certificate of election and try the relator's actual title. It is, therefore, wholly immaterial whether the relator was eligible to the office in question, or whether he was duly elected thereto, since to try such issues would be to determine the title upon proceedings in mandamus, which the courts will never do' (High on Ex. Leg. Rem., 74-5) ; and this is the law of the courts generally.''

What has been said in reference to the three first grounds and the authorities cited, applies to the fourth and fifth grounds. The fourth ground being, that the writ contained no allegation of Geiger's actual election ; and the fifth being that the writ contained no allegation that Geiger was in fact eligible to said office. That the eligibility of the relator will not be determined in a proceeding by mandamus. See State ex rel. Atherton vs. Sherwood, 15 Minn., 221, S. C., 2 Am. Rep., 116, cited with approval in State ex rel. vs. Johnson, 30 Fla., tex 494. See also State ex rel. Bisbee vs. Board of State Canvassers, 17 Fla., 29, text 32.

The sixth ground was, that the writ does not set up any facts upon which, because of the refusal of the defendant to surrender said office, or the books and papers pertaining thereto, embarrassment, hindrance or delay in collecting the State and county taxes in said county may be predicated. Conceding, but not deciding, that it is necessary that the alternative writ should make such a showing, we think it is sufficiently made in the writ. The writ contains special allegations to that effect. Even if there were no special allegations, we do not see how embarrassment, hindrance

and delay could fail to result from the general effect
of the allegations of the writ—that the offices, books
and papers of the Tax Collector's office are in the
hands of one man, who refuses to surrender them,
while another clearly appears *prima facie* entitled to
them.　Both persons claiming to be the rightful Tax
Collector, the tax-payer will be doubtful as to whom
he should pay his taxes, and would probably hesitate
until coerced by proceedings to sell his property before
he would pay to either.

We next consider the return :　Two principal points
of contention are argued in connection with the return—
(1) That the defendant is in office claiming to hold
over until his successor is elected as a matter of fact
and duly qualified, *i. e.*, is an officer *de facto*, and (2)
hat the said pretended election claimed to have been
had and held on the 2nd day of October, 1894, was
not in fact an election of said Geiger by a plurality of
the votes of the qualified electors of Duval county.
Reversing the order in which the respective conten-
tions are presented, we will consider the last one first.
It has already been said in this State, borrowing the
language of a decision from a sister State, that "a
*prima facie* title to a public office confers a right to
exercise its functions, and a right to the possession of
the insignia and property thereof.　On this *prima
facie* title the court will compel a delivery of the in-
signia and property, that the functions and duties of
the office may be exercised.　*　*　*　*　*
The commission of the Governor, whether granted
on the certificate of election, or a certificate of vacancy,
is the highest and best evidence of who is the officer,
until on a *quo warranto*, or a proceeding in the nature
of *quo warranto*, it is annulled by a judicial determi-
nation.　It is this commission which imparts to the

court's judicial notice and which informs the community who are clothed with official authority and bound to official duty. In a proceeding, whether by mandamus or under the statute, to compel the transfer of property attached to a public office, this commission is a clear *prima facie* title to the office, on which the courts will proceed without indulging any inquiries behind it, when it is founded on a certificate of election or a certificate disclosing vacancy made by proper authority. Inquiries behind it would generate a controversy as to title to the office, which, as we have already said, can not be entertained either on an application for a mandamus or in the statutory proceeding. The court must rest on the *prima facie* title, and award the keeping of the property of the office to this title, for the time being, without adjudicating whether the relator has or has not the actual title." State *ex rel.* vs. Johnson, 30 Fla., 433, text 492, 493, 494, 11 South. Rep., 845; State *ex rel.* vs. Saxon, 25 Fla., 792, 6 South. Rep., 858. In view of the great public importance of this case, we have reviewed the decisions of many other States of this Union upon the same subject. While there may have been some difficulty in the application of the rule, the principles announced in the extract from the State *ex rel.* vs. Johnson. *supra*, almost universally prevail.

We will now recur to the first contention made under the defendant's return, that the writ does not lie against him because of his claim that his successor has not been actually elected and duly qualified he is entitled to hold over until such election and qualification, and that his right to continue in office can only be inquired into by *quo warranto*, or proceedings in the nature of a *quo warranto.* We think this point was practically involved in the case of State *ex rel.* vs.

Johnson, *supra*. In that case the sixth ground of the motion to quash the alternative writ of mandamus was as follows: "That the relief prayed in and by said writ of mandamus can be legally had only upon *quo warranto*, or upon an information in the nature of *quo warranto*, whereby the claim of E. W. Gillen, created by the commission therein set up, to be Tax Collector of Duval county, Florida, can be determined as against the *de facto* incumbent 'clothed with the ostensible attributes and semblance of office'." Other similar grounds were included in the same motion. The decision of the court that it could not inquire behind the Governor's commission, (where it appeared that he acted within his constitutional authority) which was a *prima facie* title to the office in favor of the person holding it, seems a practical disposition of the defense that a mandamus to surrender the property of the office can not issue against one claiming to be a *de facto* officer in possession. Yet as the precise point was not expressly determined by the court, we have very carefully examined the question in the light of authority derived from a great number of decisions. There can be no doubt that some text-books state a doctrine that seems to give some support to the contention of the defendant. Thus, is a recent work (2 Spelling on Extraordinary Relief, Sec. 1572) we find the following: "* * * * The cases in which the writ of mandamus lies, in admitting or restoring to office, are where the return to the writ will involve merely a question of law, so that, admitting the facts to be true, a peremptory mandamus ought to be awarded. The true principle underlying the jurisdiction in mandamus in these cases is that the proceeding can confer no title not already existing, though it may effect the consummation of the relator's title if he

have any; but it creates no new title.  *  *  *  In all cases where the validity of an election or appointment is the main point in dispute, mandamus will not be granted until the controversy has been tried at law and an adjudication had in favor of relator.  In other words, the writ will not lie to try the title, but will only issue after a judgment of ouster shall have been rendered against the incumbent." To same effect is Merrill on Mandamus, Sec. 143; also State ex rel., vs. Oates, 86 Wis., 634, 57 N. W. Rep., 296. We have carefully examined the cases cited in the text to support the proposition laid down. None of them were cases like the present, but in all of them the writ was invoked by the party out of possession, but who claimed to be elected, while the incumbent had the commission and all the muniments of title to the office. It is only necessary to give a few illustrations from the many cases cited in such text-books upon the subject, because there is a great similarity in all of them. In the case of State *ex rel.* Mead vs. Dunn, 1 Minor, 46, 12 Am. Dec., 25, we quote only the head-note, which shows sufficiently the facts of the case. The head-note reads as follows: "Mandamus will not lie on behalf of one claiming the office of judge of a county court, when another holds the commission and is in the exercise of its duties." In the later case of Thompson vs. Holt, 52 Ala., 491, it is emphatically settled that mandamus will lie when the conditions are reversed, and the relator holds the State's commission, instead of the incumbent. The case of Bonner vs. State *ex rel.* Pitts, 7 Ga., 473, the incumbent held the commission, while the relator claimed to be elected, but had no commission. The court say (text page 479), citing a number of cases: "Was the proceeding

2

by mandamus the proper remedy to vacate the commission of Bonner, who was elected by the new Justices, and commissioned by the Governor? From the record in this case it appears that the respondent, Bonner, was the acting clerk of the Court of Ordinary of the county of Jones, under a commission from the Governor of this State. He was in possession of the books and papers appertaining to the office, and exercising the duties thereof under a *prima facie* title; he was the officer *de facto*, and one of the objects of the mandamus was to inquire into the validity of the respondent's title to the office, and to vacate the same. In our judgment the relator had another specific, and much more appropriate, remedy to try the validity of the respondent's title to the office which he was exercising, by an information in the nature of a *quo warranto.*" The court then quotes extracts showing that the same principle has been held in the following cases: The King vs. The Mayor of Colchester, 2 Term, 259; State vs. Deliessline, 1 McCord, 52; State *ex rel.* Mead vs. Dunn, *supra;* People vs Corporation of New York, 3 Johns. Cas., 79. By protracting the length of this opinion many more similar cases could be added. On the other hand, the law is well-settled that where the relator has the certificate of election and the commission, he is *prima facie* the officer *de jure*, and entitled to the property of the office, and that a mandamus to put him into possession of the same can not be defeated by any claim of the incumbent that the election was illegal and that relator's title is not valid, and that he, the incumbent, is entitled to hold as an officer *de facto* until a proper election and qualification of his successor. Merrill on Mandamus, Sec. 154 *et seq.* In the present proceeding we can not determine the ultimate title to the office,

but only the present apparent right. *Prima facie* the successor of the defendant has been duly elected and has qualified, and as such is entitled to the possession of the office and its books and records until, in a proper proceeding for that purpose, his title has been found defective or invalid. State *ex rel.* Atherton vs. Sherwood, 15 Minn., 221, S. C., 2 Am. Rep., 116; Crowell vs. Lambert, 10 Minn., 369; Stone vs. Small, 54 Vt., 498; Huffman vs. Mills, 39 Kansas, 577; People *ex rel.* Cummings vs. Head, 25 Ill., 325.

We see no foundation in reason for the claim of the defendant, that the writ does not lie against him because he is an officer *de facto*. We do not think he can take advantage of a tenure of office which is *prima facie* wrongful, and stand upon the bare fact of such tenure when he is called upon to surrender the property of the office to the officer *de jure*.

The motion to quash the alternative writ is denied. The demurrer to the return is sustained, judgment rendered for the relator upon demurrer, and a peremptory writ of mandamus is awarded, returnable on Tuesday, the fifth day of March, A. D. 1895.