Jones, J.
In the view we take of this case the question presented is a simple one, but it has been confused by the various and separate actions taken by both parties in the several proceedings referred to.
Babst, the incumbent mayor, by reason of his election in November, 1917, claims the office as a holdover official, at least until the determination of the contest proceedings, by virtue of Section 4255, General Code, which authorizes him to serve until his successor is elected and qualified. It is not denied, however, that at the election in November, 1919, where Keyser and Babst were opposing candidates for the office, upon the canvass of the returns Keyser was declared elected and given a certificate of election. In the petition filed herein the relator alleged that he received his certificate from the deputy state supervisors of elections of Crawford county. Upon the hearing in this court counsel for the defendant insisted that a valid certificate could only be made by the clerk of the municipality, under favor of Sections 5111 and 5114, General Code, whereupon the relator was given leave to amend his petition, showing the issuance of such certificate by the clerk. This certificate has since been filed.
It therefore appears from the conceded facts that although the defendant is the holdover mayor of *278 the municipality, at a succeeding election, Keyser, his opponent for the office, was declared elected thereto and granted a valid certificate. Such certificate gave the relator a colorable and primal facie title to the office, the possession of which he was entitled to until the final determination of the de jure title should be ascertained by a valid contest provided by the statutes of this state.
The authorities upon this question are uniform. The following is from 9 Ruling Case Law, at page 1114: “One who retains an office after the expiration of his term, claiming that he is re-elected, but without color of authority, is not a de facto officer, as against one who holds the certificate of election to the office and has qualified as required by law. The certificate entitles the recipient to exercise the office until the regular constitutional authority shall determine who is the de jure officer. The rights of the de jure officer attach when he is elected, though the result is unknown until it is declared by the proper constitutional authority. * * * The rights of the de facto officer under his certificate from the canvassing board are provisional or temporary until the determination of the result of the election as provided in the constitution; and upon that determination, if adverse to him, they cease altogether.”
This text is fully supported by abundant authority. Among others may be cited the following: State, ex rel. Jones, v. Oates, 86 Wis., 634; State, ex rel. Love, v. Smith, 43 Okla., 231, 53 L. R. A., N. S., 832; Stevens v. Carter, 27 Ore., 553; State, ex rel., v. Johnson, 35 Fla., 2, and State, ex rel. Atherton, v. Sherwood, 15 Minn., 221.
*279 Since the facts in this case are substantially similar to those reported in the case of State, ex rel. Jones, v. Oates, supra, I will simply refer to the first proposition of the syllabus of that case: “One who has been declared by the proper canvassing board to have been elected to an office, and has received the proper certificate of election, and has duly qualified, has the prima facie right to the office and is entitled to possession thereof, when his term begins, as against every one except a de facto officer in possession under color of authority.”
.The case is also authority for the principle that an incumbent retaining possession of an office, but without other color of authority, is not a de facto officer against one who holds a certificate of election, and that mandamus is an appropriate remedy to enforce the right of the person having the prima facie title to the office.
In view of the principle stated it is difficult to perceive any sound reason for the contention of the defendant. The defendant takes the position evidently that the certificate of election has no virtue where contest proceedings have been instituted to test the legality of the election; that a notice for contest ipso facto nullifies the certificate until the determination of the contest and therefore the holdover incumbent is entitled to the office until such determination. However, counsel cite no authority in support of that view. If two men other than Babst, the incumbent, had been the opposing candidates, and a certificate of election had been awarded to one of them, it could hardly be said that Babst could continue in office until the determination of *280 the rights of the opposing candidates, in the face of a canvass made and certificate awarded by the constituted legal authorities to one of such candidates. If so, there would be no potency in the statute authorizing canvass and certification, and it may as well never have been passed.'
But it is urged that the injunction proceeding brought by Keyser against Babst in the common pleas court of Crawford county is still pending and constitutes a bar to this action. Without deciding whether such proceeding could be instituted to test the jurisdiction of the probate court and the validity of its order in the contest proceedings it is sufficient to say that it was not a bar to this action. The action is brought by Keyser to obtain possession of the office, while the injunction proceeding referred to questioned only the authority of the probate court to proceed with the contest. The subject-matter of the suits and the relief demanded are entirely different.
The answer here also presents a defense, by way of abatement, alleging the pendency of a former action in the court of appeals of Crawford, county, brought by Babst against the relator to restrain the latter from taking possession of the office. Ordinarily these parties would be relegated to the court of appeals to try out the issues involved in that court. But as the conceded facts disclose that the relator is entitled to immediate relief there can be nothing gained by sending these litigants back to that court, when the relator may obtain immediate relief in this action.
*281 The cases cited in this opinion, together with the case of State, ex rel. ClenDening, v. Rose et al., 93 Ohio St., 284, are authority for the legal principle that the proper method of procedure in a case of this character is by mandamus rather than quo warranto. Here the relator has color of title and is claiming possession; whatever claim the respondent may have had to be recognized as a de facto officer falls before the concession of the relator’s prima facie title, disclosed 'by his certificate of election; both of the contending parties are parties to the suit.
Since this is an original action in this court, which under the constitution has original jurisdiction in both quo warranto and mandamus, the form of the prayer becomes immaterial, as the facts pleaded warrant relief by way of mandamus. In the case of State, ex rel. ClenDening, v. Rose, supra, on page 286, it was said: “It might be conceded that though the form of the action w.as in mandamus, yet had Hurst, the rival claimant, been made a party to the proceeding, the entire controversy may have been tried in such an action as if brought in quo warranto.”
We are, therefore, disposed to treat this action as one in mandamus, wherein, upon the conceded facts, we hold that the relator is entitled to the possession of the office, and a peremptory writ will issue accordingly.

Writ allowed.

Matthias, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.