The respondents did not, by any of their pleadings or attempted pleadings, make it appear to the court below that Paul Eddy had ever qualified to hold the office of Superintendent of Public Instruction of Charlotte County, as required by law. See Section 6 of Article VIII, and Section 2 of Article XVI of the Constitution, and Sections 459-461 Comp. Gen. Laws. The office here in question is a constitutional office and the term is fixed at four years. Sec. 6, Art. VIII, of Const. The respondents by their answer virtually admitted that the relator Bell was the incumbent of this office prior to the election of November, 1928, as is stated in the briefs.
Under Section 14 of Article XVI of the Constitution, "All State, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified."
It necessarily follows that a de jure officer, entitled to hold over until his successor has been lawfully elected or appointed, and duly qualified, and who continues to perform the duties of the office until a lawful successor has duly qualified, is entitled to the compensation of the office during such period of holding over. This appears to be in accordance with the decisions in other jurisdictions. 46 C. J. 1016; 22 R. C. L. 554-5. We see no good reason why this rule should not apply, even in cases where the period of holding over is prolonged by reason of an election contest, at least where no fraud or bad faith is charged or shown on the part of the officer holding over. In Advisory Opinion to the Governor,65 Fla. 435, 62 So. R. 363, it was held that the purpose of the quoted constitutional provision was to prevent a hiatus in government, and that to accomplish *Page 1666 
this the incumbent at the expiration of a former term is authorized to hold over in the succeeding term until the qualification of a successor as provided by law. See also in this general connection State ex rel. v. Johnson, 35 Fla. 2, 16
So. R. 786.
Even if it should be admitted, for the sake of argument, that the judgment of ouster became immediately effective on March 6, 1930, notwithstanding the writ of error and supersedeas, it still does not appear that the party who was adjudged to have been elected had ever qualified as required by law, and under the Constitution the former de jure incumbent not only had the right, but it was his duty, to continue to perform the duties of the office until his lawfully declared successor had qualified. This would appear to be in harmony with the meaning and intent of Section 446, Comp. Gen. Laws, under authority of which the judgment of ouster was rendered, and which reads as follows:
 "Section 446. If the petitioner shall be found to be entitled to such office and the adverse party has been commissioned or has entered upon the duties thereof or is holding the same, judgment of ouster shall be pronounced against such party; and upon presentation of a certified copy of such judgment to the Governor he shall revoke such commission, and he shall commission the person found in the judgment of the court to be entitled to the office, upon such person complying with all the laws of the State to entitle him to receive such commission."
It does not appear from the motion to amend respondent's answer that a certified copy of the judgment had been presented to the Governor, or that he had revoked the incumbent's commission, or that the Governor had issued a *Page 1667 
commission to the successful contestant upon his "complying with all the laws of the State to entitle him to receive such commission." The relator contends that under this statute the judgment of ouster does not become effective until these things are done. There may be merit in this contention, though we are not required to pass on it here. Nor is it necessary to decide the further contention that pending this mandamus proceeding, the judgment of ouster was rendered innocuous by reason of its having been superseded.
Furthermore, according to the transcript, the motion to be allowed to amend the answer so as to set up the rendition of the judgment of ouster came too late.
As regards the agreement to accept less than the statutory salary, it is quite generally held that the acceptance of less compensation than that established by law for the office does not estop an officer from subsequently claiming the legal compensation. 46 C. J. 1027. This point was not, however, insisted upon in argument.
No error appearing from the record, the judgment of the court below will stand affirmed.
Affirmed.
TERRELL, C. J., and ELLIS, J., concur.
WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment. *Page 1668