## Samuel C. Wood v. James J. Parsons.

*Comity: Foreign laws: Proceedings of foreign courts: Title.* Proceedings by a Canadian court under the Canadian Insolvent act, had against a person while he was in this state, cannot, by mere force or operation of the orders and decrees therein made, and in the absence of any transfer by the insolvent himself, vest the Canadian assignee with title to promissory notes in this state which have never been within the territorial jurisdiction of the Canadian court or subject by any process to its control; and the fact that the insolvent afterwards went to Canada and submitted himself to the jurisdiction of that court, would not help the matter.

*Heard April 17.    Decided April 22.*

Error to St. Clair Circuit.

*A. E. Chadwick,* for plaintiff in error.

*Trowbridge & Atkinson,* for defendant in error.

CHRISTIANCY, CH. J.

The plaintiff in error brought an action of replevin in the circuit court for the county of St. Clair, against the defendant in error, for a promissory note, or due bill, made by Cyrus Miles, payable to John Atkinson or bearer, for one thousand four hundred and thirty-eight dollars, dated February 22d, 1871.

The plaintiff introduced evidence tending to show that John Atkinson, in February, 1871, as the agent and attorney of one Gomer Potter Edwards, received in this state from said Edwards certain promissory notes executed in Canada and by parties residing in Canada, all of which, except one, to some other party than Edwards, and none of which (except possibly one) was then due; that all were payable to bearer; that Edwards instructed him to sell the notes for cash or for a good note of some party in Michigan; that the notes amounted to one thousand four hundred and eighty-eight dollars besides interest, and were payable in Canada currency; that he sold said notes to said Cyrus

Miles for the note or due bill of said Miles, to obtain which this action was brought; that Atkinson sent this note to the defendant, directing him to send Edwards a receipt for it; that this note was taken for Edward's, and it was held by the defendant as above stated; that Atkinson, as attorney for Miles, sued some of the notes (Miles had thus taken) in Canada, and Miles collected some of them; that Wood, the plaintiff in this suit, procured an injunction in Canada to restrain the payment to Miles by the makers of these notes, but upon subsequent negotiation between Atkinson (on the part of Miles) and Wood, it was agreed that Wood should discontinue his chancery proceedings against Miles, and permit Miles to collect the notes, which he did, and that Wood should bring a suit in St. Clair county, Michigan (where Miles resided), for the note given by Miles.

The plaintiff introduced one William Grace as a witness, whose evidence tended to show that he was the clerk of the county court of the county of Victoria, province of Ontario, dominion of Canada; that he was familiar with the statutes of Canada, and that a copy entitled "Laws of Canada, 38 and 39, Vict." (so stated in the record, probably 28 and 29 Vict.), being the authorized and public law, was given as the authentic laws and printed under the authority of the dominion parliament; and the act contained in said statutes entitled "Insolvent Act," was the insolvent act of the dominion of Canada. But neither this act nor any other law of Canada is set out or made part of the bill of exceptions.

This witness also produced the original record of the county court of the county of Victoria, and gave evidence tending to prove that they were the original and all of the records of a proceeding in said court, in a case entitled "Insolvent Act of 1869,—In the matter of Gomer Potter Edwards, an insolvent;" that he was the clerk of said court, and as such had the custody of said records.

Under this proof and a stipulation that this record should be received as the records of such court (being a court of

record), as though attested under the certificate and seal of the court, and otherwise duly authenticated, the plaintiff's counsel offered said law and record in evidence, and the same was received; said record tending to show the filing of affidavits of several of the creditors of said Edwards, showing him to be an absconding and insolvent debtor; that his residence and place of business was, and had been, in said county of Victoria; which affidavits were filed on the 22d of April, 1870; an order of the same date, signed by the judge of said court, declaring said Edwards an insolvent, within the meaning of said act; that attachment against the estate, property, goods and chattels of said Edwards, issue from said court to the sheriff of said county of Victoria, to seize, attach and take the property of said insolvent; that valid service may be made by serving the wife of the insolvent in Victoria county personally with the writ and a copy of this order, and that it may be further validly served by mailing a copy of the writ and order to the address of said Gomer Potter Edwards, Detroit; a return of the writ with proof of service according to the mode prescribed in this order; an order for the examination of Robert Thomas Edwards; the examination of Gomer Potter Edwards in a chancery proceeding against Miles *et al.*; the petition of Gomer Potter Edwards, May, 1871, asking for his discharge; also minutes of meetings of creditors on several occasions; the nomination of Samuel C. Wood as assignee, and the confirmation of the same by the court; the proof and allowance of claims, and the pending of the proceedings at the commencement of this suit, and also the insolvent act in question (which, however, as already noticed, is not made part of the case in this court).

I have thus set forth from the bill of exceptions all that the evidence tended to show, and for any awkwardness in the statement, the bill of exceptions is responsible.

All the above evidence was admitted against the objection of the defendant.

It is unnecessary to notice the several requests to charge,

27 MICH.—21.

or the various questions raised upon them, as the court took the evidence from the jury, and instructed them that the defendant was entitled to their verdict. If, therefore, there was any evidence in the case tending to show a state of facts which would have authorized the jury to find a verdict for the plaintiff, the court erred, and the judgment should be reversed; but if there was no evidence from which they could properly so have found, the court was right in taking the case from the jury, and the judgment must be affirmed.

It sufficiently appears from the record of the proceedings in insolvency, that the insolvent was, on the 22d of April, 1870, in Detroit, in this state, and not in Canada, when the order was made for serving upon his wife, and sending copies by mail to him at Detroit; and there is no evidence in the case tending to show that he was in Canada, or that he submitted to the jurisdiction of that court until May, 1871.

It appears that in February, 1871, he had the notes with him in this state, by the sale of which the Miles note was obtained, and that this sale was made in February, 1871. There is no evidence tending to show at what time he obtained them, or that they were within the Canadian jurisdiction at the time of the insolvency proceedings, or while they were pending; and it is clear enough the notes were not found there and taken upon the attachment issued in those proceedings; and there is no evidence tending to show that the insolvent, either voluntarily or by the direction of the court, ever made an assignment of these notes or of the Miles note or any of his property, to Wood, the plaintiff, who was by the court appointed his assignee. As we have not before us, as a part of the case, the Canadian statute referred to, and cannot take judicial notice of it, we cannot determine what would have been the effect of those pro-proceedings upon the property of the insolvent in Canada, or upon the insolvent himself, when within that jurisdiction.

WOOD v. PARSONS.

But, whatever may have been the effect of that statute and those proceedings in Canada, it is at least clear that the Canadian court could not, by the mere force or operation of its orders or decrees, affect the property in question in this state, unless that property had been or should be within the territorial jurisdiction of the dominion of Canada, and while there, subjected to the control of that court, by seizure or some process or proceeding which would have enabled that court to enforce a sale of the property, and make that sale effectual by delivery.

Nor can it alter the case that the insolvent himself returned to Canada and submitted to the jurisdiction of that court after the purchase of the Miles note in question and before the institution of this suit; so long as it does not appear that this note was brought within that jurisdiction, or that he had assigned or conveyed it to the assignee. The judgment or decree of that court could not affect his property in this state nor his right here to dispose of it.

These conclusions seem to result from the universally admitted principle that the laws enacted by one sovereignty can have no force or effect, as laws, within the territories of another sovereignty, and that the courts of one sovereignty cannot subject persons or property in another to the direct effect of its judgments, orders or decrees.

Had the insolvent in this case, with or without the intervention or order of the court, made an assignment of this property to Wood, the plaintiff, we see no reason to doubt that such assignment would have operated as a conveyance of the title to any property of the insolvent here, except possibly in some cases, as against the claims of creditors here.—See *Graydon v. Church*, 7 *Mich.*, 36.

We see no mode in which a different result can be reached in the present case, without giving to the orders and decrees of the Canadian court the same direct force and effect in this state as we give to those of our own state courts.

Certainly neither the English nor the American courts

have yet recognized the comity of states or nations to this extent, nor is it so far recognized between the several states of the American union; and in reaching this conclusion we have applied no less liberal rule than that which is recognized between these states.—See *Graydon v. Church, ubi supra.*

The result is that there was no evidence tending to establish the title of the plaintiff to the property replevied, and the court properly took the case from the jury.

The judgment of the circuit court must be affirmed, with costs.

The other Justices concurred.