HENRY C. ODELL, Respondent, v. CHARLES W. DURANT, Appellant.

A lease of agricultural land for a longer period than twelve years is void under the State Constitution (art. 1, § 14), although the land is leased for other than agricultural purposes; at least where there is no restriction in the lease as to their use. It is the character of the land, not the purpose for which it is leased, which is made the test of the validity of the lease.

(Submitted June 22, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*Carlisle Norwood, Jr.,* for the appellant. A lease of agricultural lands for a longer period than twelve years is void. (Const., art. 1, § 14; *Hart* v. *Hart,* 22 Barb., 606; *Stephens* v. *Reynolds,* 6 N. Y., 457; *Parsell* v. *Stuyker,* 14 id., 480.) It is no defence that the lease is not for agricultural purposes. (Const., art. 1, § 14; *Allen* v. *Cook,* 26 Barb., 374; Sedg. on Stat. and Const. Law, 379, *n.,* 380–383.)

*Travis & Lent* for the respondent.

RAPALLO, J. This action was brought to recover rent of a lot of land in Westchester county, reserved in a lease thereof to the defendant for the term of seventeen years, from the 15th of October, 1872, at $300 per annum. The demised premises were described in the lease as the lot of the parties of the first part, situate in the town of Cortlandt, on the northerly side of their mill pond, called the iron ore lot, containing about six acres, with the right and privilege to the lessee to dig, excavate and remove iron ore from said lot. The lessors reserved certain rights of way, and also the exclusive

use of the north half of the lot, except the right of the lessee to excavate and remove iron ore from said north half.

The defendant in his answer set up, among other defences, that the land described in the lease was at the time of the execution and delivery of the lease, agricultural land.

An order having been made requiring the plaintiff to reply to this answer, he put in a reply admitting that a part of the demised premises were agricultural lands, part being rocky and not fit for agriculture, but alleging that the lease was not for the purposes of agriculture, but only for the purpose of getting iron ore therefrom. To this reply a demurrer was interposed by the defendant, which was overruled at Special Term, but no appeal was taken from the order overruling it.

The parties went to trial before the court and a jury, and the defendant moved for judgment on the pleadings, on the ground that it appeared therefrom that the lease was void, being in contravention of article 1, section 14 of the Constitution of the State, which declares that no lease or grant of agricultural land for a longer period than twelve years thereafter made, in which shall be reserved any rent or service of any kind, shall be valid.

We are of opinion that this objection is fatal to the plaintiff's right of recovery. The character of the land is made, by the Constitution, the test of the validity of the lease, not the purpose for which the lease was made. There was nothing in this lease which precluded the lessee from using the land, other than the part specifically reserved, for agricultural purposes if he saw fit. The plaintiff admits that the demised premises consisted in part of agricultural land, and the lease being for more than twelve years, was clearly invalid as to that land. We know of no method by which any apportionment can be made in such a case. The right to take ore may have been entirely worthless, and the whole value of the premises may have consisted in their use for agriculture, even though that may not have been the purpose for which the premises were in fact leased, still, being agricultural lands and there being no restriction in the lease as to their use, the con-

stitutional prohibition applies. If all that was intended to be demised was the mining right, the lease should have been put in that form and it would have been free from objection.

The judgment should be reversed.

All concur; except Allen and Folger, JJ., not voting.

Judgment reversed.