## SILAS H. WITHERBEE AND OTHERS, RESPONDENTS, v. WILLIAM H. STOWER AND OTHERS, APPELLANTS.

*Judgment foreclosing a mortgage upon a leasehold interest—when a party to the action is estopped from denying the validity of the lease.*

July 25, 1869, one Church executed to the defendant Stower a lease of certain premises for the term of fifty years, upon which the said Stower executed a mortgage to the plaintiff, who thereafter foreclosed the same in an action to which Stower was a party, and purchased the premises at a sale had on December 13, 1879, under a decree entered on September 1, 1877. In October, 1879, the defendant Stower procured a deed of the premises from Church, the lessor, for and in the name of his partner, the defendant Esmond. An application by the plaintiff for a writ of assistance was opposed by the defendant, on the ground that the original lease was void as being of agricultural lands and for a term of fifty years.

*Held*, that Stower and his partner Esmond, who acted in collusion with him, was estopped by the judgment of foreclosure from denying the validity of the lease.

APPEAL from an order awarding a writ of assistance to place a purchaser at a mortgage foreclosure sale in possession of the premises purchased thereat.

*L'Amoreaux, Dake & Whalen,* for the appellants.

*Harry Hale,* for the respondents.

WESTBROOK, J.:

One Charles M. Church, on July 25, 1869, executed a lease to William H. Stower, covering the premises in question for the period of fifty years, at the annual rent of $10 per year. September 23, 1875, Stower, the lessee, executed a mortgage thereon to the plaintiffs, to secure $9,285.49.

An action was subsequently brought to foreclose this mortgage, to which Stower was a party, and judgment of foreclosure entered therein September 1, 1877. The premises were regularly sold at public auction to one Daniel F. Payne, December 13, 1879; the sale has been confirmed, and the purchaser has received a conveyance.

In October, 1879, Stower and Esmond formed a partnership for manufacturing iron in Lewis, Essex county, Esmond residing in Saratoga, and Stower managing their business in Lewis. In the same month (October, 1879) Esmond directed Stower to purchase for him and in his name the premises covered by the Church lease. On October 14, 1879, Church conveyed the four acres to Esmond.

Stower and Esmond were in possession, and on the petition of Payne, the purchaser, the Special Term ordered a writ of assistance to issue to put him in possession, from which order Stower and Esmond appealed, claiming that the original lease was void because it was of agricultural land, and was by its terms to endure fifty years. With the learned judge at Special Term, we think it is clear that the "land was not leased or intended to be used as agricultural land," but that the land was to be used solely for "manufacturing coal," and "that it was both worthless and unfit for any other purpose," and that therefore this case is unlike *Odell* v. *Durant* (62 N. Y., 524).

But it is not necessary to put the decision sustaining the order on that ground alone. Stower had taken the lease, and given the mortgage under which Payne purchased. He was a party to the foreclosure, and to the judgment of the court, which directed that the purchaser at the sale should be let into possession. By no act of his could he evade the judgment of the court, and Esmond, who acted in collusion with him to enable him to evade the force of the judgment, as the Special Term very properly held, is in no better position.

The order appealed from should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Order affirmed, with $10 costs, and printing disbursements.