C. E. THUM, RECEIVER OF C. BUNTING &
COMPANY, BANKERS, A CORPORATION,
Appellant, v. JAMES PINGREE, THE CHASE
NATIONAL BANK OF THE CITY OF NEW
YORK, A CORPORATION, FIRST NATIONAL
BANK OF OGDEN, A CORPORATION, AND
OGDEN SAVINGS BANK, A CORPORATION,
Respondents.

Receiver — In State Court — Jurisdiction over Property.
County Warrants — Situs of — Subject to Attachment —
Sec. 648, New York Code. Attachment Proceeding — With-
out Personal Service — Situs of Res Determines Juris-
diction.

*Receiver — In State Court — Jurisdiction over Property.*

Where a receiver has been appointed by a State court, or prop
erty has been transferred by operation of law, such receiver
has no extra-territorial jurisdiction over property, except that
which is found within the territorial limits of the State
wherein he was appointed, and such transfers have no
force upon property outside of the State where they are
made.

*County Warrants — Situs of — Subject to Attachment — Sec. 648, New York Code.*

Where Idaho County warrants, the property of an Idaho bank-
ing concern, are pledged in New York City prior to the
appointment of a receiver for the bank in Idaho, they are
liable to seizure, in an attachment proceeding, under Sec. 648
of the New York Code, in an action brought by a creditor of
the Idaho concern, subject only to the lien of the pledge; for
being property in which defendant bank had an interest, and

being held in possession of the bank in New York City, the warrants had a *situs* in New York, were subject to the same rules as other personal property of like character, and were liable to seizure and sale under a writ of attachment.

*Attachment Proceeding — Without Personal Service — Situs of Res Determines Jurisdiction.*

While an attachment proceeding without personal service forms no basis for a personal judgment in the State of New York, and can affect only property found within the jurisdiction, Idaho County warrants made payable to bearer and capable of transfer without indorsement, found within the State of New York, are there subject to attachment; the *res* being within the State, the court had jurisdiction of it.

(Decided April 11, 1900.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action by appellant as receiver for C. Bunting and Co., to obtain possession of certain county warrants claimed by him to have been wrongfully converted by an attachment suit in the State of New York. From a judgment for defendants plaintiff appealed. *Affirmed.*

*Lyttleton Price, Esq.,* and *Messrs. Brown & Henderson,* for appellants.

I.

First we consider what the character of this indebtedness was. They were not negotiable promissory notes or bills of exchange. They were mere duebills. They were only *prima facie* evidence of an indebtedness. The counties, respectively, could defend against them, even in the hands of innocent purchasers. They were mere temporary warrants drawn by one officer of a corporation upon another, payable at the county treasurer's offices.

They were not issued for the purpose of being substantive property in and of themselves. There is no property in them; they are only evidence of an indebtedness which may be rebutted. 1 Dillon on Municipal Corp., Secs. 487, 503, 504, and cases cited.

## II.

The attachment issued out of the New York court was only served by substituted service. All kinds of substituted service stand upon the same ground. If it is by publication only, it is mere substituted service, and if the order is served personally upon the defendant, but without the territorial jurisdiction of the State in which it was issued, it is also substituted service, and in neither case gives the court jurisdiction over the person of the defendant in the writ, but only over the *res*, and if that is not within the jurisdiction of the court, then it has no jurisdiction. 2 Black on Judgments, Sec. 837, and cases cited; *McEwan* v. *Zimmer*, 38 Mich., 765.

## III.

It is claimed by the respondent that the *situs* of the debts in this case was in the State of New York, because the warrants were there; that the statutes of the State of New York authorized the seizure of notes, books of account, and choses in action on attachment, and that therefore, by virtue of these statutes of New York, the *situs* of the debts was in New York.

Notes, bonds, and other evidences of indebtedness do not constitute the indebtedness itself; they can not be levied upon as substantive property, and their possession in a foreign State from the residence of the owner does not constitute the person having possession of them a trustee, so that he can be garnisheed. The only way to

reach such an indebtedness is to garnishee the maker; that is, the debtor in the instrument; if, however, the trustee has collected the money on them and holds them for the owner, then he may be held as a trustee. *Gilmore* v. *Carnaham*, garnishee, 81 (Star) Pa. St., 217; *Lupton* v. *Cutter*, 8 Pick., 298–303; *Bowen* v. *Pope*, 125 Ill., 28; Waples on Debtor and Creditor, Secs. 22, 39, 51 to 53; *Bates* v. *New Orleans R. R. Co.*, 4 Abb. Prac. Rep., 73; Waples on Attachment, Sec. 272.

There is great diversity of opinion in the reported cases as to the right to proceed against a creditor by garnishment when only the creditor or debtor resides in the jurisdiction where the proceedings were taken, some cases holding that the court gets jurisdiction over the indebtedness by personal service within the jurisdiction upon the debtor, and others holding that they get jurisdiction by personal service within the jurisdiction upon the creditor, but in no case is it held that jurisdiction is obtained without service upon one or the other. *Douglas* v. *Phœnix Ins. Co.*, 138 N. Y., 209 – 221; *Ward* v. *Boyce*, 152 N. Y., 191; 46 N. E., 180; *Blanc* v. *Tenn. Coal Co.*, 37 N. Y. Sup., 906; *Wood* v. *Fertick*, 39 N. Y. Sup., 174; *Atchison, T. & S. F. R. Co.* v. *Maggard*, 39 Pac., 985 (Colo.); *Renier* v. *Hurlbut*, 81 Wis., 24 S. C., 50, N. W. Rep., 783; *Louisville, etc.*, v. *Nash.*, 23 So. Rep., 825; *Swedish Am. Nat. Bank* v. *Blucker*, 75 N. W., 740 (Minn.); *Shepard* v. *Wright*, 113 N. Y., 582.

If the courts of New York obtained no jurisdiction in this case, then that judgment can be attacked in a foreign State, even to the extent of denying the recitals in it, and it is no violation of the constitutional provision above referred to. 2 Black on Judgments, Sections 887, 901, 904, 905, 906, and cases cited. *Shepard* v. *Wright*, 113 N.

Y., 582; *Cole* v. *Cunningham*, 133 U. S., 112, and cases cited.

So far we have discussed the question of jurisdiction of the courts of New York by the general standard of authority, citing precedents from various States, including New York, but we now propose to discuss it, not from the standpoint of *precedent*, but to discuss it from the standpoint of actual *authority*, which is binding upon this court.

The only claim that is made to support the jurisdiction of this New York judgment, is that it is authorized by the statutes of New York. We propose to show that under the statutes of that State, as construed by the courts of that State, no such authority is conferred by their statutes.

It is an elementary principle that whenever in a foreign jurisdiction the construction and operation of the statute of a sister State is involved, the tribunals of the State of the location of the statute are followed in the interpretation of their own statutes. *Hancock Nat. Bk.* v. *Ellis*, 44 N. E. Rep. (Mass.), 349; 3 Thompson on Corporations, Sec. 3063; *Am. Print Works* v. *Lawrence*, 23 N. J. L., 590; *Merrimac Mining Co.* v. *Levy*, 54 Penn. St., 227; S. C., 93, Am. Dec., 697.

The courts of New York have repeatedly construed their statutes under which the proceedings involved in this case were had, and hold that they have no application whatever to a case where neither of the parties to the indebtedness sought to be reached (that is, neither the debtor or creditor), was within the jurisdiction of the State, and are not personally served; that if this very question that is presented here, to this court, under the statutes of New York, was presented in the courts of that State, the judgment would be held void. *Douglas* v. *Phœnix Ins. Co.*, 138 N. Y., 209, 221; *Ward* v. *Boyce*, 152 N. Y., 191 S. C., 36 L. R. A., 549; *Plimpton* v. *Bigelow*, 93 N. Y., 596;

*Bates* v. *New Orleans R. R. Co.*, 4 Abb. Pr. Rep., 73; *Blanc* v. *Tenn. Coal Co.*, 37 N. Y. Sup., 906; *Wood* v. *Fertick*, 40 N. Y. Sup., 687.

The plaintiff in this action has the right to prosecute the same and reduce the property involved to his possession. He was appointed receiver by the court of Idaho, has given bonds, and is now, as shown by the record, the duly authorized and qualified receiver of that court. He has been appointed by the courts of the State of Utah receiver, with express authority to reclaim and take possession of and bring actions for the recovery of any property or rights of· action in the State of Utah, belonging to C. Bunting & Company. But if he has not been appointed by the courts of this State, he would, as a principle of comity between States, be permitted to prosecute this suit here. *Relf* v. *Rundle*, 103 U. S., 222; *Heberniam N. Bk.* v. *La Combe*, 84 N. Y., 367; Gluck & Becker on Receivers of Corp., Sec. 2.

*David Evans, Esq.*, and *A. G. Horn, Esq.*, for respondent.

There is but one point in this case which is purely a question of law for this court to determine; namely, Are these warrants such property, within the meaning of the laws of the State of New York, as that an attachment may properly issue upon the same? In other words, are county warrants which have been issued by the counties of Bingham and Fremont, in the State of Idaho, which at the time are situated in New York, such property as can be attached under and pursuant to the laws of the State of New York?

There is some conflict of authority upon the question as to whether an assignment will carry property wherever it

may be found.    It is, however, clear in all cases where
a receiver has been appointed, that he has no extra terri-
torial jurisdiction over any property except that which is
found within the territorial limits of the State in which he
was appointed.    It is equally clear that notes, debts, and
choses in action, as well as all other property due the in-
solvent, which are in a foreign jurisdiction, do not pass
to a receiver appointed at a place other than where such
notes, debts, and choses in action are. *Bank* v. *Lacombe*,
84 N. Y., 367; *Osgood* v. *Maguire*, 61 N. Y., 524; *Wil-
lets* v. *Waite*, 25 N. Y., 577; *Wood* v. *Parsons*, 27 Mich.,
159; *Blake* v. *Williams*, 6 Pick., 286; *Dunlap* v. *Rogers*,
47 N. H., 281; S. C., 93 A. D., 433; *Filch* v. *Bugbee*,
49 Me., 9 S. C., 77 A. D., 203; *Paine* v. *Lester*, 44
Conn., 196 S. C., 26 A. R., 442; *Henderson* v. *Schaas*,
35 Ill. App., 155; *Webster* v. *Judah*, 27 Ill. App., 294;
*Iron Co.* v. *Croade*, 15 Pick., 11; *Ingraham* v. *Geyer*,
13 Mass., 146; *Pierce* v. *O'Brien*, 129 Mass., 53; *Fox* v.
*Adams*, 5 Me., 245; *Catlin* v. *Plate Co.*, 8 L. R. A., 62
(Ind.); *Falk* v. *James*, 49 N. J. E., 484; *Cronan* v. *Fox*,
50 N. J. L., 417; *Beers* v. *Shannon*, 73 N. Y., 292.

This point being disposed of in such a way as that we
do not think any difference of opinion can exist, we now
recur to the only point in the case, viz.: Are the county
warrants referred to, property within the meaning of the
New York statutes, which is attachable in that State?
See Section 648 of the New York statutes.

The only case that we have been able to find in the
State of New York, which appears to be one almost exactly
similar to the one at bar, is that of *Warner* v. *Bank*, 115
N. Y., 251.

That such property as these county warrants in question
are attachable, we cite the court to the following cases:
Waples on Attachment, 272; *Bank* v. *Wilson*, 74 Wis.,

391: *Storm* v. *Cotzhausen*, 38 Wis., 139; *Losee* v. *Mc Carty*, 5 Utah, 528; Waples on Debtor and Creditor, Secs. 23, 50, and 56.   *Ward* v. *Boyce*, 152 N. Y., 191; *Osgood* v. *Maguire*, 61 N. Y., 524; *Wood* v. *Parsons*, 27 Mich., 159; *Mower* v. *Stickney*, 5 Minn., 397.

The judgment which is rendered simply affects the particular property attached or that is in question.   No personal judgment can be rendered, and nothing is affected except the title of the particular property in question. So far as that is concerned the judgment of the State of New York was binding and conclusive upon C. Bunting & Company and their privies, but upon no other person. Such a judgment can not be attacked, but is binding in all other jurisdictions.   1 Greenleaf on Evidence, 15th ed., Sec. 541; Baily on Jurisdiction, Secs. 212, 213, and 220; Story on Conflict of Laws, 8th ed., Sec. 592; *Castrique* v. *Imrie*, Law Rep. 4 H. L., 414.

### STATEMENT OF FACTS.

The record in this case shows that C. Bunting & Co., bankers, a Utah corporation, was doing a general banking business at Blackfoot, Idaho, on the 15th day of February, 1897; that about the 1st day of December, 1896, said Bunting & Co. borrowed of the Chase National Bank of New York City $10,000 upon its promissory note, and pledged as security therefor with said bank $7,238.09 of county warrants issued by Bingham County, Idaho, and warrants of the par value of $5,867.48 issued by Fremont County, Idaho.   These warrants were payable to bearer at the county seat of the respective counties at maturity.   Bunting & Co. being in failing circumstances, the First National Bank of Pocatello, Idaho, brought an action in Idaho against said company, setting up the facts and asked that a receiver be appointed to take charge of

the assets of the company. Thereupon C. E. Thum, the plaintiff here, was appointed general receiver of C. Bunting & Co., bankers, on or about the 15th day of February, 1897. At the time of the failure Bunting and Co. was owing to the First National Bank of Ogden, on an overdraft, the sum of $4,608.11, which indebtedness was, on the 24th day of February, 1897, assigned to the American Exchange National Bank of New York City. On February 25th, 1897, said last-named bank brought suit in the supreme court of New York against C. Bunting & Co., bankers, upon said indebtedness on said overdraft, and on the same day caused a writ of attachment to issue in said action under the laws of the State of New York, and said attachment was levied on the warrants so held in possession of the Chase National Bank. On July 2, 1897, judgment was rendered in said court in favor of the American Exchange National Bank for the sum of $4,860.23, and thereafter execution was issued on said attachment and levied upon said warrants, which were sold on said execution to the American Exchange National Bank of New York. The latter bank then paid the amount still due the Chase National Bank for which said warrants were held as security, and took into its possession the warrants in question, and thereafter assigned the same to the First National Bank of Ogden, who, at the time of the commencement of this action, held in its possession all said warrants except about $1,800 thereof which had been called in and paid to it as the warrants became due, under a stipulation between the parties. On February 21, 1898, C. E. Thum was appointed receiver of said corporation of C. Bunting & Co., bankers, in Utah, but no receiver for said company was ever appointed in New York, or in the State of Utah, until long after said attachment and said sale of warrants referred to. On the 11th day of April, 1898,

appellant, as receiver, tendered the First National Bank of Ogden $4,850, in gold coin, in payment of the sum due on said notes and interest, and demanded the warrants so held. The tender was refused. At the time the attachment proceeding was brought in New York City, there was substituted service of summons by publication in said city, and by order of the court personal service was had upon the officers of C. Bunting & Co., bankers, at Blackfoot, Idaho, but no service was had upon either Bingham or Fremont Counties, which counties issued the warrants payable to bearer. Thereupon appellant brought this action for the purpose of obtaining possession of the warrants.

After stating the facts, *Miner, J.*, delivered the opinion of the court.

The record shows that a receiver was appointed for C. Bunting & Co., bankers, in the State of Idaho, but not in the city of New York, and that such appointment in Utah was not made until long after the warrants had been attached in New York City.

Under the authorities it is clear to our minds that where a receiver has been appointed, or property has been transferred by operation of law, such receiver has no extra territorial jurisdiction over property, except that which is found within the territorial limits of the State wherein he was appointed, and such transfers have no force upon property outside of such State where they are made, and it will be administered for the benefit of creditors and others interested therein by courts of that State where it is found. *Osgood* v. *Maguire*, 62 N. Y., 524; *Bank* v. *Lacombe*, 84 N. Y., 367; *Wood* v. *Parsons*, 27 Mich., 159; *Blake* v. *Williams*, 6 Pick., 286; *Paine* v. *Lester*, 44, Conn., 196; *Pierce* v. *Obrien*, 129 Mass., 53.

The principal question for determination, then, is, Were

the county warrants issued by, and showing indebtedness of, Bingham and Fremont Counties, Idaho, owned by C. Bunting & Co., bankers, a corporation, and by it transferred to and actually held by the Chase National Bank of New York City as a pledge to secure the payment of the note of C. Bunting & Co., liable to attachment in the courts of New York, by the creditors of C. Bunting & Co., who also resided in New York, without personal service of summons on the counties issuing the warrants and obligated to pay the same?

Sec. 648 of the New York Code reads as follows:

"The attachment may also be levied upon a cause of action arising upon contract; including a bond, promissory note or other instrument for the payment of money only, negotiable or otherwise, whether past due, or yet to become due, executed by a foreign or domestic government, State, county, public officer, association, municipal or other corporation, or by a private person either within or without the State which belongs to the defendant and is found within the county. The levy of the attachment thereupon is deemed a levy upon and the seizure and attachment of the debt represented thereby."

The subject of the attachment was the right of C. Bunting & Co. to compel the Chase National Bank to account to it for the pledged warrants and to receive that which remained of the proceeds of the warrants after the debt was paid for which the pledge was made. This right is a demand, a chose in action, a debt, and the warrants are evidences of such debt and right to the payment of the money thereon.

It is clear that under this statute the warrants in question were included not only as property, but as a debt, and liable to seizure under attachment proceedings in New York City. They were promises of Bingham and Fremont Counties, Idaho, to pay the bearer the sum specified

in each warrant at a specified time. The defendant, C. Bunting & Co., owned the warrants subject to the lien of the pledgee. Such warrants were in the possession of the garnishee, the Chase National Bank in New York City, who also had an interest therein so long as the debt for which the warrants were pledged subsisted. While the title may have remained conditionally in C. Bunting & Co., yet the pledgee, the Chase National Bank, had a lien or special property interest therein, with the right of possession thereof against all others until the debt was paid. Under such a pledge the title to the warrants passed to that extent that the pledgee had a right to collect the amount when due and apply the proceeds upon his note. To this extent only the warrants were the property of the pledgee. By the attachment and sale all the right, title, and interest of C. Bunting & Co. in the debt evidenced by the warrants after the note for which they were pledged was paid, was transferred to the American Exchange National Bank. The attachment operated to secure to the bank a lien on the pledged property, subject to the claim of the pledgee, which was thereafter paid by the bank. Being property in which C. Bunting & Co. had an interest, and being in the possession of the bank in New York City, subject to the lien described, the warrants had a *situs* in New York, and were subject to the same rules as other personal property of like character, and were liable to seizure and sale under the writ issued in this case.

The contention that summons was not personally served on C. Bunting & Co., and the counties named, and that therefore the court obtained no jurisdiction, is untenable. The publication of the summons was had in accordance with the statute of New York, and the property in question was attached and sold.

The judgment of the supreme court of New York re-

covered upon attachment proceedings in which the county municipalities issuing the warrants were non-residents, and were not personally served with process and did not appear, but where the attaching creditor was a resident of New York, is effectual to bind the property of the debtor found within the jurisdiction of the court. It is true that this may form no basis for a personal judgment, and does not affect the property not attached and not found within the jurisdiction of the court where the proceedings were had, but it is as effectual against the property of the debtor attached as if personal service of summons had been made within the jurisdiction. This is the general rule where States like those of New York authorize attachment for debts and choses in action. The attachment process was invented and enacted in most of the States for the purpose of reaching property found in jurisdictions where the owner could not be served.

The warrants are made payable to bearer, and pass from hand to hand like a bank note without indorsement, as shown by their circulation over the country, and are before due as liable to be found in one State as another. Their *situs* was no more that of the residence of the counties issuing them than would be that of any other species of commercial paper or of bonded securities. The maker is no more liable to be annoyed by a double payment in one case than the other. The county municipalities were in no way concerned in their ownership, or where they were held.

Under the statutes of New York neither the municipalities nor C. Bunting & Co. were required to be personally served with process. It was sufficient under these statutes that the warrants or debt represented by them, the *res* was within the jurisdiction of the court of that State, and that the creditor also resided there.

In some jurisdictions having no statute upon the subject, or where no property was found within the jurisdiction of the court, a different rule has been established.

In this case it is clear that if the property had not been found in New York upon which to make the attachment, the court would have had no jurisdiction.

The provision of the New York statute is sufficiently broad and comprehensive to include the warrants in question, and the debt evidenced thereby.

The case of *Warner* v. *Fourth National Bank*, 115 N. Y., 251, was where a New York bank having a claim against a Pennsylvania bank brought an action in New York attaching notes and other like securities held in excess of the debt owed, in possession of the American National Bank in New York City, and left with it to secure a loan made by the Pennsylvania bank. The Pennsylvania bank had failed, and it was claimed by the assignee of said bank that the attachment of the notes and securities was ineffectual to pass title to the pledged property. Upon this subject the court said:

"The American Exchange Bank, as pledgee, was entitled to the possession of the pledged property, so long as the debt subsisted, for the payment of which it was pledged. The title to property may remain in the pledgor, but the pledgee has a lien, or special property in the pledge, which entitles him to its possession against the world. Under a pledge of such property as commercial paper, the title so far passes as to clothe the pledgee with power to collect it as it falls due, and the money thus collected stands in place of the paper. *Farwell* v. *Importers', etc., Bank*, 90 N. Y., 483. * * * In this case, what was the subject of the attachment was the right of the Pennsylvania bank to compel its pledgee to account to it as to the pledged paper, and to receive the sur-

plus of the proceeds of collection, after satisfying the pledgee's claim for advances. That right is a chose in action, and, in the nature of things, is intangible. It is the subject of attachment as a demand against the person, within the spirit of the language of the code. While the debt remains undischarged, the pledge belongs to the pledgee, and, while held by him, the pledgor's title is subject to the pledgee's lien and right of possession; but the pledgor's residuary interest in the pledge constitutes a claim or demand upon the pledgee, which is property, and hence may become the subject of attachment. But such property, being intangible, is, naturally, incapable of manual delivery. * * *

We think the attachment in question here operated to secure to the Fourth National Bank a lien upon the pledged property, to the extent of the interest of the Pennsylvania bank, and that interest was the right to the pledged property, or so much of it, or of its proceeds from any collection, as remained after the satisfaction of the pledgee's claim for advances. This right, being a demand or chose in action, was personal property, incapable of delivery; but, through the levy of the sheriff, the plaintiff acquired such a lien upon whatever might become due to the Pennsylvania bank from its pledgee, the American Exchange Bank, as to entitle it now to the surplus in the pledgee's hands." *Ward* v. *Boyce*, 152 N. Y., 191; *Storm* v. *Cautzhausen*, 38 Wis., 139; Waples on Debtor and Creditor, Secs. 15, 25, 50, 54, 56, 83, 97, 244. *Ward* v. *Boyce*, 80 Hun. (N. Y.) 494; *Osgood* v. *Maguire*, 61 N. Y., 524; *Wood* v. *Parsons*, 27 Mich., 159; *Bank* v. *Lacombe*, 84 N. Y., 367; *Moore* v. *Stickney*, 5 Minn., 397; 1 Greenleaf on Ev., Sec. 541; Bailey on Jurisdiction, Secs. 212, 220; Storey's Conflict of Laws (8th ed.), Sec. 592.

Under the stipulation of the attorneys the money collected on the warrants should be considered and held the same as the warrants.

We do not deem it necessary to discuss the findings of the court below. The judgment is correct.

We find no reversible error in the record. The judgment of the district court is affirmed, with costs.

BARTCH, C. J., and BASKIN, J., concur.